Jones, J.
 

 Two questions are presented by this record: First, was the order appointing the receiver a final order; second, if so, was that order appealable?
 

 In our state the Legislature has defined the term “final order.” Section 12258, General Code, includes within that definition “an order affecting a substantial right made in a special proceeding.” Unless this court concludes to reverse the case of
 
 Cincinnati, Sandusky & Cleveland Rd. Co.
 
 v. Sloan, 31 Ohio St., 1, we must reach the conclusion that an order appointing or removing a receiver is a “final order” within the meaning of Section 12258, General Code. The second paragraph of the syllabus in the
 
 Sloan case
 
 holds:
 

 “Proceedings in relation to the appointment and removal of receivers are special proceedings, under Section 512 [Section 12258, G. C.] of the Code; and an order affecting a substantial right made in such proceeding, is a final order within the meaning of said section.”
 

 There the court held that such orders were reviewable on error. As late as 1919, in
 
 Columbus Packing
 
 Co. v.
 
 State, ex rel. Schlesinger, Pros. Atty.,
 
 100 Ohio St., 285, 126 N. E., 291, this court held that an order enjoining the sale of food prod-
 
 *191
 
 nets and appointing a receiver to take charge thereof was an order made in a proceeding, and was equivalent to a judgment which could be made the predicate for a proceeding in error. That a final order is a “judgment” has been held by this court in
 
 Chandler & Co.
 
 v.
 
 Southern Pacific Co.,
 
 104 Ohio St., 188, 135 N. E., 620, and if it is a judgment it is of course reviewable on error by the Court of Appeals under favor of Section 6, Article IV of the Ohio Constitution. While the case of
 
 Packing Co.
 
 v.
 
 State, ex rel.,
 
 100 Ohio St., 285, 126 N. E., 291, was later considered by this court in
 
 Packing Co.
 
 v.
 
 State,
 
 106 Ohio St., 469, 140 N. E., 376, and overruled in part, the holding of the court in the prior case that an order similar in character to this was a final order, and therefore reviewable, was not in fact disturbed by this court in the later case.
 

 Those who urge an opposite view, who argue that the appointment and discharge of receivers are not reviewable orders, base their argument upon the fact that when a case is reviewed, either by error or appeal, it should not be reviewed piecemeal, but that the entire case should be heard on review, thus avoiding a multiplicity of hearings; that the losing party may at any time submit to a
 
 pro forma
 
 judgment and thus have his case taken to the appellate court in its entirety. We think this latter insistence imposes too great a burden upon the losing litigant. Should he desire to proceed in error, he must forego his right to present a case upon issues joined at the time the appointment was made. Should the losing litigant desire a trial
 
 de novo
 
 in the appellate court.,
 
 *192
 
 he would be deprived of his right to one trial and one review were he to submit to' a
 
 pro forma
 
 judgment in the trial court.
 

 Considering that feature of the case — reviewing the appointment of a receiver before the trial of the main action — we may suggest that eases may frequently arise wherein the appointment or nonappointment of a receiver would make ineffectual a judgment thereafter obtained in the main action, especially where serious delay occurred before final hearing on the merits.
 

 In the instant case the receiver was not only authorized to take charge of the property of the corporation, but to conduct its business. However, whether the order of the court directed the receiver to take charge and conserve the property, or to continue the business, did not affect the underlying principle except in degree only. It frequently happens that first authority only may be granted to the receiver and a later direction be obtained from the court to prosecute the business temporarily as a going concern. Can it be said, in either ease, that substantial rights of the parties are not affected? In
 
 Railroad Co.
 
 v.
 
 Sloan, supra,
 
 Mr. Justice "White comments at length upon the subject. He states that the appointment of a receiver is equivalent to an equitable execution upon a debtor’s property. It is the duty of the courts to exercise, and no doubt they do exercise, unless in exceptional cases, the greatest care and caution in the appointment of receivers. The appointment is ancillary to the main action. The appointee is an officer of the court, his possession the possession of the court, and the ap
 
 *193
 
 pointment is made in order to conserve the interests of the litigants with respect to the property in
 
 custodia legis.
 

 This court is therefore of the opinion that the-order appointing the receiver was a “final order” within the meaning of Section 12258, General Code, and that the same was a “judgment” reviewable on error in the Court of Appeals.
 

 Although reviewable on error, was the order of appointment reviewable by way of appeal? The Court of Appeals held it was not, and dismissed the appeal. That court derives its appellate jurisdiction for the trial of oases
 
 de novo
 
 from Section 6, Article IV of the Constitution as amended in 1912. That section provides that “the Courts of Appeals shall have * * * appellate jurisdiction in the
 
 trial of chancery cases.”
 
 Prior to the adoption of this amendment to our Constitution, this intermediate court could not review this or similar final orders by way of
 
 appeal,
 
 for the statutes then gave it no such authority. In
 
 William Watson & Co.
 
 v.
 
 Sullivan,
 
 5 Ohio St., 43, an order discharging an attachment was held to be an order affecting a substantial right made in a special proceeding which could be reviewed on error. In
 
 Eaton & Hamilton Rd. Co.
 
 v.
 
 Varnum,
 
 10 Ohio St., 623, it was held that an order appointing a receiver was not a final order from which an appeal could be taken; and in
 
 Taylor, Assignee,
 
 v.
 
 Fitch,
 
 12 Ohio St., 169, this court held that a proceeding to vacate a judgment rendered at a former term was a special proceeding in an action for judgment and reviewable in error only. These and other eases decided by this court distinctly
 
 *194
 
 announced the form of legal procedure in effect prior to the adoption of our Constitution as amended in 1912. The newly adopted provision above quoted certainly does not disclose an intention of changing the former rule of procedure upon this subject in this class of cases. Rather do the terms employed tend to exclude the right of appeal from final orders purely ancillary in character.
 

 While it may be conceded that a trial occurred in the common pleas eourt upon the application for the appointment of a receiver, it was not a trial of any
 
 “case,”
 
 within the purview of the constitutional section. The proceeding relating to the appointment of a receiver was incidental to the action or
 
 case
 
 made by the parties; not only was this proceeding ancillary to the case, but ita sole purpose was to conserve the property for the interested litigants until the issues in the case were finally determined. With its termination the officer’s functions ceased. The order made was provisional and was simply an order made in a
 
 case.
 
 Giving, therefore, the provision of the amended Constitution its ordinary and usual meaning, we are unable to conceive how the proceeding for the appointment of a receiver can be held to be a
 
 chancery case.
 
 That order, though a final one. cannot be reviewed by the Court of Appeals by way of appeal.
 

 The decision of
 
 Thompson
 
 v.
 
 Denton,
 
 95 Ohio St., 333, 116 N. E., 452, is at variance with the principle here announced. In the course of the opinion in that case it seems that the court was there concerned as to whether error or appeal
 
 *195
 
 would lie from final orders made in special proceedings; and whether, if both were denied, litigants would thereby be deprived of a right to judicial review. Counsel had contended that neither error nor appeal could be taken from a final order. Apprehending this very serious situation, the Chief Justice said:
 

 “It is felt to be the duty of the court in the interpretation of the Constitution to establish in the interest of justice a rule which will facilitate proceedings by way of appeal * # # If it were to be héld that the order in question is not a final order from which appeal will lie — and if it be hereafter held that error could not be prosecuted from the same order for the same reason — then we are making this very order final, conclusive and forever binding by the very act of holding that it is not final. ’ ’
 

 Undoubtedly that apprehension led this court to declare in that case that an order fixing compensation of a receiver was a final order from which appeal would lie. However, in a later ease, this apprehension was removed and that feature of the case clarified by the decision of this court holding that final orders were made reviewable as judgments,
 
 Chandler & Co.
 
 v.
 
 So. Pac. Rd. Co., supra.
 

 Since the instant case cannot be distinguished, in principle, from
 
 Thompson
 
 v.
 
 Denton,
 
 95 Ohio St., 333, 116 N. E., 452, it follows that that case must be overruled.
 

 Since the Legislature of the state, prior to the constitutional amendment, did not give the right of appeal in proceedings relating to the appointment of receivers, and since the Constitution, as
 
 *196
 
 amended, did not confer that right in apt terms, its denial may well be ascribed to an underlying legislative and constitutional policy. There is no doubt but that error furnishes an advantageous relief for all the parties in interest in proceedings of this character; for the losing litigant, should he desire to have the proceeding speedily reviewed, must make his record in the trial court, whereas if he relied upon appeal, as of right, such litigant, making no effort in the trial court, could perfect his appeal and disclose his hand in the appellate court for the first time. That procedure is preferable which compels the parties to make their showing for or against the appointment in the court of first instance.
 

 We are therefore of the opinion that the proceedings for the appointment or removal of a receiver do not constitute a
 
 “chancery case”
 
 within the purview of our Constitution, and that the Court of Appeals did not err in dismissing the appeal from the order appointing the receiver.
 

 Judgment affirmed.
 

 Marshall, C. J., Matthias and Day, JJ., concur.
 

 Robinson, J., concurs in the judgment, but dissents from the syllabus.
 

 Wanamaker and Allen, JJ., not participating.