## CLEVELAND ANIMAL PROTECTIVE LEAGUE v STANIFORTH

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10312. Decided January 27, 1930

Mr. Wm. J. Corrigan, Cleveland, for Protective League.
Mr. Henry I. Emerson, Cleveland, for Staniforth.

SULLIVAN, J.

It is necessary to seek to determine whether the case is still pending in common pleas court for final determination or whether it has been appealed here as a case in and of itself or merely part of a case because it is well established in Ohio that only the case itself can be appealed and that no part of the case is subject to a hearing de novo in the court of review where the record as in the instant case does not appear to justify it.

We find from the record that an injunction was sought and a demurrer was filed thereto and the court on motion of the plaintiff and for good cause shown ordered that an undertaking be given in the sum of $500.00 with sureties to the approval of the clerk, and an injunction was allowed thereon to issue against the defendant from maintaining on his building at 4326 Turney Rd., the following sign:

"We have the most INCOMPETENT INEFFICIENT COUNTY COMMISSIONERS in this or any other County in S1 State!
And these same Commissioners employ the so-called DOG CATCHING animal league THIEVES the same so called

Animal MONEY ONLY League!"

The restraining order extended to the use of any language of a similar nature and an exception was taken and then and thereupon notice of appeal was had and the bond fixed at $100.00.

The only other items appearing on the transcript are that of June 17, 1929 where the undertaking was given by the National Surety Co. and on the same date notice of motion was returned and endorsed and on June 13, 1929, that it had been served on the defendant Staniforth. On June 18th the appeal bond by defendant with respect to the procedure in the Court of Appeals was filed in the sum of $100.00 with Mrs. V. Wilson as surety.

Thus it appears that only part of the case is appealed and the case for final determination is still pending in common pleas court and therefore the nature of the case is such that the lower court might finally determine the case as claimed by the petitioner. In other words a judgment might be rendered in his favor had the appeal from the mere interlocutory order not been taken. Thus we have the anomaly of the same case appearing in the common pleas court and in the Court of Appeals with no prevention by way of procedure for the common pleas court to determine the case finally upon its merits.

This question has arisen a great many times and the holding in Ohio is that in a record like the one at bar the appeals is only as to a part of the case and not as to the whole of the case and this is a procedure not warranted by the process of law.

In the case of **Forest City Innvestment Co., vs. Haas, 110 OS. 188,** with reference to the appointment of a receiver where the same principle as in the instant case was under consideration, it will be seen that the third paragraph of the syllabi is that a judgment appointing a receiver may be reviewed by the Court of Appeals on error but not on appeal.

Hence there is only one conclusion to reach and that is that the petition of appellant be dismissed which is done and entry may be drawn accordingly.

Vickery, PJ., and Levine, J., concur.