{¶ 38} Respectfully, I dissent and would dismiss this appeal for lack of a final appealable order.
 {¶ 39} In its order appointing a receiver to engage an independent appraiser, the court stated that "[a]ll parties and claims remain pending. The [final pretrial] set for 01/26/05 and the Trial set for 02/09/05 are hereby cancelled. This matter is set for a status conference on 04/11/05 at 10:30 a.m." Further, on February 4, 2005, the trial court denied the company and Plociak's motion for stay pending appeal, stating that:
 {¶ 40} "The court recognizes that, as a general rule, an order appointing a receiver is a final appealable order which affects a substantial right in a special proceeding. Mandalaywala v. Zaleski
(1997), 124 Ohio App.3d 321, 329, 706 N.E.2d 344, citing Forest CityInvest. Co. v. Haas (1924), 110 Ohio St. 188, 143 N.E. 549, paragraph one of the syllabus. See, also, Jamestown Village Condominium Owners Assn.v. Market Media Research, Inc. (1994), 96 Ohio App.3d 678, 689,645 N.E.2d 1265."
 {¶ 41} The court found the appointment of a receiver in this case distinguishable, stating:
 {¶ 42} "However, those cases all involve the appointment of a receiver with unlimited powers as to the day-to-day operation of a company. In this case, the court appointed a receiver for the very limited and specific purpose of getting a fair valuation of Reserve Transportation Services, Inc. The court did not vest the receiver with broad and unlimited powers, and did not charge him with the day-to-day operation of the corporation."
 {¶ 43} In this appeal, the company and Plociak argue the propriety of the trial court's order granting a receivership, and the majority considers same. I would find that the trial court's order is not a final appealable order and, thus, dismiss this appeal without addressing whether a receivership was appropriate.
 {¶ 44} Appellate courts in Ohio have jurisdiction to review the final orders or judgments of inferior courts within their district. Section3(B)(2), Article IV of the Ohio Constitution; R.C. 2501.02. If a judgment is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. Prod. CreditAssn. v. Hedges (1993), 87 Ohio App.3d 207, 210, 621 N.E.2d 1360, 1362
at fn. 2; Kouns v. Pemberton (1992), 84 Ohio App.3d 499, 501,617 N.E.2d 701, 702.
 {¶ 45} R.C. 2505.02 governs final orders and provides that:
 {¶ 46} "* * *
 {¶ 47} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 48} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents judgment;
 {¶ 49} "(2) An order that affects a substantial right in a special proceeding or upon a summary application in an action after judgment;
 {¶ 50} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 51} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 52} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 53} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 54} "(5) An order that determines that an action may or may not be maintained as a class action."
 {¶ 55} Generally, appointment of a receiver affects a substantial right and is, therefore, a final appealable order. See Forest City,
supra. However, in considering whether the trial court's order is final in this case, I believe the court cannot solely consider the general nature of the order (i.e., an order granting the appointment of a receiver), but must also consider the effect the order has on the case; that is, whether the order "in effect determines the action and prevents a judgment." See Systems Construction, Inc. v. Worthington Forest
(1975), 46 Ohio App.2d 95, 345 N.E.2d 428.
 {¶ 56} I would find that the effect of the trial court's order, by its very language, did not determine the action or prevent a judgment on the part of the company and/or Plociak. Indeed, since this appeal has been filed, the parties have been engaged in pretrial practice, including the filing of discovery motions, answers and replies to counterclaims and cross-claims, as well as a case management conference being held. Moreover, on September 19, 2005, the trial court issued an order stating that the "case remains scheduled for final pretrial on 11/3/05. All parties with authority to settle shall be present. Case remains scheduled for trial on 11/28/05. All prior trial orders stand."
 {¶ 57} Accordingly, I dissent and would hold that the order appointing the receiver is not final and, therefore, the court is without jurisdiction to hear this appeal.