COMMUNITY FIRST BANK & TRUST, APPELLANT, v. DAFOE ET AL., APPELLEES.

[Cite as *Community First Bank & Trust v. Dafoe,*
108 Ohio St.3d 472, 2006-Ohio-1503.]

(No. 2003–1913—Submitted February 16, 2005—Decided April 12, 2006.)

PFEIFER, J.

### Factual and Procedural Background

{¶ 1} This case arises out the attempt of appellant, Community First Bank & Trust ("Community"), to collect on personal guarantees entered into by appellees Kenneth Dafoe, Heather Dafoe, and Derek Dafoe, and a pledge of security by appellee Teisha Douglass ("the guarantors"). On June 21, 1996, the guarantors executed guarantees and pledged their personal real estate as collateral for a promissory note executed by Tendasoft, Inc., that same day. Two days earlier, Community's predecessor in interest, Van Wert National Bank, had written a letter to three of the guarantors making certain representations regarding how it would proceed should a default occur:

{¶ 2} "As part of the consideration of renewing the equipment loan and extending the terms and conditions of said loan, Van Wert National Bank hereby acknowledges and agrees, that in the event of default on the note dated June 21, 1996, Van Wert National Bank will make reasonable effort to first liquidate the pledged equipment that was given to secure said loan. In the event there is still a deficiency remaining after the liquidation of said equipment, Van Wert National Bank would then pursue the liquidation of pledged real estate and personal guarantees."

{¶ 3} On June 2, 1998, Tendasoft renewed its promissory note, and the guarantors renewed their guarantees.

{¶ 4} On February 14, 2002, with Tendasoft allegedly in default on the promissory note, Community filed suit against the guarantors and others to recover the balance due on the note. On March 14, 2002, the guarantors moved to dismiss Community's complaint because the guarantees at issue had been conditioned on Community's making reasonable efforts to collect the debt owed to

it by Tendasoft by liquidating the pledged equipment before pursuing the personal guarantees. In an April 29, 2002 entry, the trial court agreed, finding that the guarantors had established, through the June 19, 1996 letter, which the court admitted as parol evidence, that Community was required to exercise a "reasonable effort" to first liquidate Tendasoft's assets before pursuing the guarantors. Community then amended its complaint, adding Tendasoft as a defendant, on May 28, 2002.

{¶ 5} On June 24, 2002, Tendasoft filed a motion to stay with the trial court on the basis that it had filed a Chapter 11 bankruptcy petition on June 21, 2002, in the United States District Court, Northern District of Ohio, Bankruptcy Division. On June 26, 2002, the trial court ordered a stay on all matters in the case, based upon Tendasoft's bankruptcy filing. On July 24, 2002, Community moved the trial court for permission to pursue its claims against the guarantors only, arguing that it could use no further "reasonable efforts" to pursue collection against Tendasoft once Tendasoft had filed for bankruptcy. On September 18, 2002, Community filed a proof of claim in Tendasoft's bankruptcy action, asserting a security interest in certain Tendasoft property. On October 1, 2002, the court found that filing to be in furtherance of the requirements to make "reasonable efforts" to pursue Tendasoft's assets but denied Community's motion to pursue the guarantors. The court found that the success or failure of Community's "reasonable efforts" to liquidate the pledged equipment would be unknown until the bankruptcy court ruled on Community's proof of claim. The court therefore ordered the matter "further stayed as to all parties pending the allowance or disallowance of the plaintiff's Proof [of] Claim and approval or disapproval by the bankruptcy court of the liquidation of the pledged equipment to pay the debt owed to the plaintiff."

{¶ 6} Despite the trial court's stay, on March 10, 2003, Community filed a notice of appeal to the Third District Court of Appeals. Community alleged that the trial court had erred in (1) finding that the 1996 letter was valid parol evidence and that the letter required Community to pursue the assets of Tendasoft before pursuing the guarantors and (2) finding that Community had not made reasonable efforts to pursue Tendasoft's assets.

{¶ 7} On August 20, 2003, the appellate court sua sponte determined that the appeal should be dismissed for want of jurisdiction, finding that the trial court's issuance of a stay was not a final appealable order. The court held that pursuant to R.C. 2505.02, "the [trial] court's order staying the action, including the claims against non-bankrupt parties, pending determination of the bankruptcy of another party is not an order denying a provisional remedy and, thus, not a final order subject to appeal."

{¶ 8} The appellate court noted in its decision that it was not persuaded by the conclusion of the Sixth District Court of Appeals decision in *Sorg v. Montgomery Ward & Co., Inc.* (Dec. 17, 1998), Erie App. No. E–98–057, 1998 WL 904945. *Sorg* held that staying a court action is an ancillary proceeding akin to granting a preliminary injunction under R.C. 2505.02(B)(4).

{¶ 9} On September 2, 2003, Community filed a motion to certify a conflict with the Third District Court of Appeals based upon that court's disagreement with the Sixth District Court of Appeals decision in *Sorg*. The court granted the motion to certify a conflict, submitting the following question to this court:

{¶ 10} "Is a court's order staying an action, including the claims against nonbankrupt parties, pending determination of the bankruptcy of another party a final order subject to appeal under R.C. 2505.02[?]"

Law and Analysis

{¶ 11} We answer the question of the court of appeals in the negative. A court's order staying an action, including the claims against nonbankrupt parties, pending determination of the bankruptcy of another party, is not a final order subject to appeal under R.C. 2505.02.

{¶ 12} R.C. 2505.02(B) states what actions by trial courts constitute final appealable orders:

{¶ 13} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶ 14} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶ 15} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶ 16} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶ 17} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶ 18} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶ 19} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

{¶ 20} The issue in this case is whether the trial court's stay implicates R.C. 2505.02(B)(4), which makes certain provisional remedies final appealable orders. The term "provisional remedy" is defined in former R.C. 2505.02(A)(3), Am.Sub.

H.B. No. 349, 147 Ohio laws, Part II, 3277, the version that was in effect in 2002, when the suit was filed:

{¶ 21} "(3) 'Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence."

{¶ 22} This court has opined on the appealability of stays pursuant to earlier versions of R.C. 2505.02. In *Stewart v. Midwestern Indemn. Co.* (1989), 45 Ohio St.3d 124, 543 N.E.2d 1200, and *Bellaire City Schools Bd. of Edn. v. Paxton* (1979), 59 Ohio St.2d 65, 13 O.O.3d 58, 391 N.E.2d 1021, this court held that a stay pending arbitration is not final and appealable. However, after those cases were decided, the General Assembly enacted R.C. 2711.02(C), which specifically makes an order "that grants or denies a stay of a trial of any action pending arbitration" a final appealable order.

{¶ 23} Likewise, before the amendment of R.C. 2505.02, this court had held that the granting of a preliminary injunction is an action for injunctive relief and is not a final appealable order. *State ex rel. Tollis v. Cuyahoga Cty. Court of Appeals* (1988), 40 Ohio St.3d 145, 148, 532 N.E.2d 727. The current R.C. 2505.02(B)(4) changed the law in this regard and makes other provisional remedies reviewable as well.

{¶ 24} The key to our determination is whether a stay should be considered an ancillary proceeding pursuant to former R.C. 2505.02(A)(3), 147 Ohio Laws, Part II, 3277. "Ancillary" is not defined in R.C. 2505.02, but this court has held that as used in former R.C. 2505.02(A)(3), " '[a]n ancillary proceeding is one that is attendant upon or aids another proceeding.' " *State v. Muncie* (2001), 91 Ohio St.3d 440, 449, 746 N.E.2d 1092, quoting *Bishop v. Dresser Industries* (1999), 134 Ohio App.3d 321, 324, 730 N.E.2d 1079. Citing *Sorg*, the *Muncie* court quoted the Black's Law Dictionary definition of "ancillary" as " 'aiding; attendant upon; describing a proceeding attendant upon or which aids another proceeding considered as principal. Auxiliary or subordinate.' " Id. at 449, 746 N.E.2d 1092, quoting Black's Law Dictionary (5th Ed.1979) 78.

{¶ 25} In *Muncie*, this court found that a forced-medication order that had been issued by the trial court in an effort to restore a defendant's competency to stand trial constituted a final appealable order. *Muncie* looked at other types of proceedings that this court had found to be ancillary to the main action. The court noted that in *Forest City Invest. Co. v. Haas* (1924), 110 Ohio St. 188, 192, 143 N.E. 549, the appointment of a receiver was deemed " 'ancillary to the main action.' " *Muncie*, 91 Ohio St.3d at 449, 746 N.E.2d 1092. This court wrote that the appointment of a receiver, for instance, "aids the principal proceeding—the underlying litigation—for the receiver conserves the interests of litigants with respect to property that is in the custody of the court during the course of that

principal litigation." (Emphasis deleted.) Id., citing *Forest*, 110 Ohio St. at 192–193, 143 N.E. 549. This court also noted in *Muncie*, quoting *Lincoln Tavern, Inc. v. Snader* (1956), 165 Ohio St. 61, 68, 59 O.O. 74, 133 N.E.2d 606, that " 'an attachment is a provisional remedy; an ancillary proceeding which must be appended to a principal action and whose very validity must necessarily depend upon the validity of the commencement of the principal action.' "

{¶ 26} We agree that the appointment of a receiver, attachment, and a judgment ordering medication constitute ancillary proceedings. They are all separate procedures tied to a main action, acting in furtherance of the main action, but with their own lives. Though owing their existence to the underlying action, they are definable offshoots from the main action. A stay is not an offshoot of the main action; it is the main action postponed.

{¶ 27} However, *Sorg* held that "a proceeding to stay a court action as to non-bankrupt parties pending determination of the bankruptcy of a separate party is a 'proceeding ancillary to an action' pursuant to [former] R.C. 2505.02(A)(3). Such a proceeding is akin to a preliminary injunction (a specifically listed 'provisional remedy') in its effect." *Sorg*, Erie App. No. E–98–057.

{¶ 28} We disagree with *Sorg*'s characterization of the kinship between a preliminary injunction and a stay. The most obvious difference between a stay and a preliminary injunction is that in seeking a preliminary injunction, the movant seeks an equitable remedy, albeit an impermanent one. Whereas a stay ceases activity on a case, a preliminary injunction proceeding is parallel, expedited, and separate from the main action. A preliminary injunction aids the main action by ensuring that a judgment in the main action will be meaningful. R.C. 2727.02 provides:

{¶ 29} "A temporary order may be granted restraining an act when it appears by the petition that the plaintiff is entitled to the relief demanded, and such relief, or any part of it, consists in restraining the commission or continuance of such act, the commission or continuance of which, during the litigation, would produce great or irreparable injury to the plaintiff, or when, during the litigation, it appears that the defendant is doing, threatens or is about to do, or is procuring or permitting to be done, such act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual."

{¶ 30} Through a preliminary injunction, a party seeks to restrain certain acts of another party. Civ.R. 65(D). A preliminary-injunction proceeding is a separate matter from the trial on the merits, though "the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application." Civ.R. 65(B)(2). Since it provides a provisional remedy, no preliminary injunction is operative "until the party obtaining it gives a bond executed by sufficient surety * * * to secure to the party enjoined the damages he may

sustain, if it is finally decided that the order of injunction should not have been granted." Civ.R. 65(C). A preliminary injunction proceeding is a proceeding requiring its own evidence, a proceeding with its own life. Civ.R. 65(B).

{¶ 31} A stay pending determination of the bankruptcy of another party is not a separate proceeding, but a halting of proceedings. It provides no party a remedy, not even a temporary one. It is of a different character from the appointment of a receiver, an attachment, a forced-medication order, or a preliminary injunction. It does not further the main action. We therefore hold that the imposition of a stay pending the determination of the bankruptcy of a party it is not an ancillary proceeding pursuant to former R.C. 2505.02(A)(3).

{¶ 32} Accordingly, we hold that a court's order staying an action, including the claims against nonbankrupt parties, pending determination of the bankruptcy of another party, is not a final order subject to appeal under former R.C. 2505.02.

Judgment affirmed.

MOYER, C.J., RESNICK, O'CONNOR and O'DONNELL, JJ., concur.

LUNDBERG STRATTON and LANZINGER, JJ., dissent.

---

LANZINGER, J., dissenting.

{¶ 33} I disagree with the majority's holding that a court's stay of an action pending determination of bankruptcy is not a final appealable order under R.C. 2505.02(B)(4). Here, the appellate court held that such an order did not deny a provisional remedy, and the majority agrees, stating that a stay cannot be considered an ancillary proceeding because it is not a proceeding "with its own life." To the contrary, the granting of such an order does provide a provisional remedy within the contemplation of R.C. 2505.02(B)(4).

{¶ 34} The General Assembly expressly defined "provisional remedy" in R.C. 2505.02(A)(3) as "*a proceeding ancillary* to an action, including, but *not limited to,* a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence." (Emphasis added.) In rejecting the characterization of a stay as similar in effect to a preliminary injunction and thus "ancillary," the majority distinguishes it by stating that a stay "is not an offshoot of the main action" but rather the "main action postponed" or a mere "halting of proceedings." A stay, however, need not be considered identical to a preliminary injunction to be considered a provisional remedy.

{¶ 35} We approved the definition of "ancillary" used in *Sorg v. Montgomery Ward & Co., Inc.* (Dec. 17, 1998), Erie App. No. E–98–057, 1998 WL 904945, as something " ' "attendant upon or which aids another proceeding considered as principal." ' " *State v. Muncie* (2001), 91 Ohio St.3d 440, 449, 746 N.E.2d 1092,

quoting *Sorg,* *3, quoting Black's Law Dictionary (5th Ed.1979) 78. We have also described a "provisional remedy" as a "remedy other than a claim for relief." *State ex rel. Butler Cty. Children Servs. Bd. v. Sage* (2002), 95 Ohio St.3d 23, 25, 764 N.E.2d 1027. Thus, we have held that final appealable orders include forced-medication orders, *Muncie,* 91 Ohio St.3d at 449, 746 N.E.2d 1092, and appointments of a receiver. *Forest City Invest. Co. v. Haas* (1924), 110 Ohio St. 188, 192, 143 N.E. 549. In my view, by filing a motion for stay based on Tendasoft's bankruptcy, the guarantors also sought a provisional remedy, one that would aid them in the underlying collection case. The trial court's decision to deny Community First Bank & Trust the opportunity to pursue the nonbankrupt guarantors on their personal guarantees is ancillary to Community's underlying substantive claims.

{¶ 36} The majority also concludes that the nonbankrupt guarantors did not receive a "remedy." To the contrary, they have received the benefit of Tenda-soft's filing of a Chapter 11 bankruptcy petition as of June 26, 2002, when the trial court ordered all matters, including the claims against them as guarantors, stayed. Although denial of the stay would have allowed the action to progress and would have provided the guarantors full remedy on appeal after the continued litigation is completed, the granting of, or refusal to lift, the stay is different. When a stay is granted, the objecting party has no remedy until possibly years later. Litigation is stopped, and when an appeal finally occurs, a holding that the stay should not have been granted or should not have been continued months or years earlier will be, as *Sorg* noted, "a hollow victory." *Sorg,* Erie App. No. E–98–057, 1998 WL 904945, *3. See, also, *Cleveland v. Zakaib* (Oct. 12, 2000), Cuyahoga App. Nos. 76928, 76929, and 76930, 2000 WL 1513736 (denial of motion for stay is not a final appealable order, as party challenging denial of a stay can obtain a meaningful and effective remedy in an appeal following a final judgment, unlike a party seeking to appeal the granting of a stay). Tendasoft's bankruptcy may take years to complete, and in the meantime, Community may be harmed by the delay and thus will not have a meaningful or effective remedy if forced to wait to proceed against the guarantors.

{¶ 37} R.C. 2505.02(B) states, "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

"{¶ 38} * * *

{¶ 39} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶ 40} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶ 41} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

{¶ 42} The trial court's order granting the nonbankrupt guarantors a stay does determine the action with respect to the stay's filing and prevents Community from obtaining a favorable judgment on it. R.C. 2505.02(B)(4)(a). Furthermore, Community does not have a meaningful or effective remedy if it is prohibited from appealing the stay until after the conclusion of Tendasoft's bankruptcy. R.C. 2505.02(B)(4)(b). I respectfully dissent and would hold that a court's order staying an action, including the claims against nonbankrupt parties, pending determination of the bankruptcy of another party is a final appealable order under R.C. 2505.02(B)(4). I would reverse the appellate court's decision and remand the cause to that court for consideration of the substantive assignments of error.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.

---

Faulkner, Garmhausen, Keister & Shenk, James R. Shenk, and Bryan A. Niemeyer, for appellant.