[Cite as *Cincinnati v. PE Alms Hills Realty, L.L.C.*, 2017-Ohio-1569.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CITY OF CINCINNATI, | : | APPEAL NO. C-160459<br>TRIAL NO. A-1500883 |
| Plaintiff, | : | |
| vs. | : | *O P I N I O N.* |
| PE ALMS HILL REALTY, LLC, et al., | : | |
| Defendants, | : | |
| and | : | |
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE HOLDERS OF COMM 2014-UBS3 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, | : : : | |
| | : | |
| Defendant/Third-Party Plaintiff-Appellee, | : | |
| vs. | : | |
| PE LIMA CLUB WEST REALTY, LLC, | : | |
| Third-Party Defendant-Appellant, | : | |
| and | : | |
| CP CINCINNATI, LLC, et al., | : | |
| Third-Party Defendants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: April 28, 2017

*Porter, Wright, Morris & Arthur LLP* and *Christopher D. Cathey,* for Defendant/Third-Party Plaintiff-Appellee,

*Hennis, Rothstein and Ellis LLP* and *Steven M. Rothstein,* for Third-Party Defendant-Appellant.



**ZAYAS, Judge.**

{¶1}     Third-party defendant-appellant PE Lima Club West Realty, LLC, ("PE Lima") appeals the judgment of the common pleas court appointing a receiver in a commercial foreclosure action initiated by third-party plaintiff-appellee U.S. Bank National Association as Trustee for the Benefit of the Holders of Comm 2014-UBS3 Mortgage Trust Commercial Mortgage Pass-through Certificates ("Lender"). We affirm the trial court's judgment.

### *Factual and Procedural Posture*

{¶2}     Plaintiff the city of Cincinnati ("the City") filed a statutory and common-law nuisance action against the owners of five multifamily apartment projects that receive project-based Section 8 housing assistance payments from the United States Department of Housing and Urban Development ("HUD"). In its third amended complaint, the City added Lender as a defendant in the nuisance action.

{¶3}     Lender filed an answer, cross-claim, counterclaim, and third-party complaint for foreclosure against the defendants-borrowers of three of the five nuisance properties, defendants PE Alms Hill Realty, LLC, ("PE Alms") PE Reids Valley View Realty, LLC, ("PE Reids") and PE Shelton Gardens Realty, LLC, ("PE Shelton)" seeking to foreclose its mortgage on their properties, which are commonly known as Alms Hill, Reids Valley View, and Shelton Gardens (collectively "the Hamilton County properties").

{¶4}     In its complaint, Lender alleged that on April 2, 2014, PE Alms, PE Reids, and PE Shelton ("the Hamilton County defendants") had executed a promissory note in the principal sum of $14,310,000 as well as a mortgage to secure the note. On May, 13, 2014, the Hamilton County defendants had executed and delivered an amended and restated loan agreement. Through a series of allonges and

assignments, Lender became the holder of the amended and restated loan agreement, the note and mortgage, the assignment of leases and rents, and a UCC security agreement and fixture filing.

{¶5} Lender alleged that the Hamilton County defendants had defaulted under numerous provisions of the loan agreement. Lender alleged that these multiple defaults had caused it to accelerate the maturity of the note and demand immediate payment in full in November 2015. Lender further asserted that despite its demand, the note remained unpaid and in default. That default, in turn, constituted a default under the loan agreement. Lender alleged that the Hamilton County defendants' default on the loan agreement and note entitled it to foreclose on its mortgage on the Hamilton County properties.

{¶6} On December 8, 2015, Lender moved for the appointment of a receiver over the Hamilton County properties. Lender asserted that it was entitled to a receiver under R.C. 2735.01(A)(2), because the Hamilton County properties were in danger of being materially injured, diminished in value or squandered, the conditions of the mortgage had not been performed, and the Hamilton County defendants had consented in writing to the appointment of a receiver. Lender additionally asserted it was entitled to a receiver pursuant to R.C. 2735.01(A)(3), because it was enforcing a contractual assignment of leases and rents.

{¶7} Lender attached to its motion an affidavit of Leah Solomon, the asset manager of LNR Partners LLC, which is the special servicer of the loan evidenced by the note held by Lender. Solomon averred that the Hamilton County defendants had defaulted on the loan agreement and note. The loan agreement contained a provision that an "Event of Default" under the loan agreement also constituted an event of default under the note. Solomon averred that the Hamilton County

defendants had defaulted by (1) violating Section 8.1(xiii) of the loan agreement by allowing the filing of a mechanics lien on the Alms Hill property, (2) failing to comply with Section 8.1(xv) of the loan agreement with respect to management agreements, (3) failing to comply with the financial reporting requirements of Section 4.9 of the loan agreement, (4) failing to give prompt notice to Lender of the filing of the nuisance action by the City and state of Ohio as required by Section 4.7 of the loan agreement, (5) failing to comply with Section 4.5 of the loan agreement, which requires compliance with all legal requirements to operate their businesses, (6) failing to comply with Section 4.11.3 of the loan agreement with respect to leases, (7) failing to comply with Section 4.19 0f the loan agreement to advise Lender of any defaults, and (9) failing to comply with Section 4.33 of the loan agreement, which requires compliance with HUD's housing-assistance-payment-contract covenants.

{¶8}    On January 5, 2016, the trial court entered a finding that the Hamilton County properties securing the loan agreement were "a public nuisance pursuant to R.C. 3767.41(A)(2)(b) because the buildings were not in good repair and/or free from health and safety hazards." The trial court's finding was based on evidence that the parties had stipulated to on December 16, 2015, regarding the criminal activity on the premises and the conditions of the buildings. These stipulated facts included evidence that "[i]n the last seven months, the City has issued over 1,800 violations related to the conditions in these buildings that threaten public health, safety, and welfare." The trial court additionally found that "[t]he U.S. Department of Housing and Urban Development ("HUD") notified PE Alms in April 2015 that the Alms property had failed physical inspection of the property." Lender asserted that these findings conclusively proved that the Hamilton County

defendants had defaulted under numerous provisions of the loan agreement, including Sections 4.5, 4.19, and 4.33.

{¶9}    Following a hearing on January 29, 2016, the trial court concluded that the Hamilton County defendants had defaulted on the loan agreement, which constituted a default on the note.  The trial court further found that the Hamilton County defendants, through the lending documents, had consented in writing to the appointment of a receiver in the event of a default under the note and loan agreement.  Thus, the Lender was entitled to the appointment of a receiver under R.C. 2735.01(A)(2).  The trial court additionally found that Lender was entitled to a receiver under R.C. 2735.01(A)(3) based on its enforcement of the contractual assignment of leases and rents.  On February 1, 2016, the trial court appointed a receiver for the Hamilton County properties.

{¶10}    While the trial court was proceeding on Lender's motion for the appointment of a receiver with respect to the Hamilton County properties, on December 28, 2015, Lender filed an amended cross-claim, counterclaim, and third-party complaint that added PE Lima as a party, and sought foreclosure of Lender's mortgage on the Allen County apartment project owned by PE Lima that also secures the promissory note executed in favor of Lender by PE Lima and the Hamilton County defendants.  The Allen County apartment project, commonly known as Lima Club West ("Allen County property"), receives project-based Section 8 housing assistance payments from HUD.

{¶11}    On February 26, 2016, Lender moved the trial court to additionally subject the Allen County property, which was subject to the same amended and restated loan agreement, note and mortgage, assignment of leases and rents, and UCC security agreement and fixture filing as the Hamilton County properties, to the

February 1, 2016 receivership order. PE Lima, the owner of the Allen County property, filed a memorandum opposing the motion, which was accompanied by the affidavit of Eli Kovalenko, a principal in Skyview Property Group, the managing agent for the Allen County property. Kovalenko averred that the property was in good repair, there were no outstanding building orders on the property, the "most current REAC score [from HUD] was 90," and "the property [wa]s 99% occupied with rents current."

{¶12} Lender filed a reply memorandum in support of its motion to subject the Allen County property to the receivership. Lender attached a second Solomon affidavit and a copy of the transcript from the hearing on Lender's motion to appoint a receiver for the Hamilton County properties. In her affidavit, Solomon averred that the Hamilton County defendants and PE Lima had not turned over to Lender any revenue generated by the Allen County property, nor had they used the revenues to pay various legitimate expenses associated with the Allen County property. As a result, Lender had to make protective advances in excess of $43,000 to keep the Allen County property insured and to ensure the Allen County treasurer would not assess interest and penalties against the Allen County property. Lender sought a receiver to enforce the terms of the Allen County mortgage and to enforce the Allen County assignment of leases and rents. On April 15, 2016, the trial court granted Lender's motion to subject the Allen County property to the February 1, 2016 receivership order.

### Analysis

{¶13} The trial court's order appointing a receiver is a final order from which an appeal may be prosecuted under R.C. 2505.02(B)(2) because it "affects a substantial right made in a special proceeding." *See Forest City Invest. Co. v. Haas,*

7

110 Ohio St. 188, 143 N.E. 549 (1924), paragraph one of the syllabus; *Tessler v. Ayer*, 1st Dist. Hamilton Nos. C-940574, C-940632, C-940780 and C-940849, 1995 WL 621316, *4, fn. 3 (Oct. 25, 1995); *JPMCC 2004-CIBCIO 7th St. Office, LLC v. URS Tower LLC*, 2013-Ohio-796, 987 N.E.2d 348, ¶ 10 (1st Dist.).

{¶14} Likewise, the appointment of a receiver constitutes a final order under R.C. 2502.02(B)(4) because it grants relief in a provisional-remedy proceeding. *See In re A.J.S.,* 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, ¶ 20; *JPMCC 2004-CIBCIO 7th St. Office, LLC* at ¶ 10, citing *Community First Bank & Trust v. Dafoe*, 108 Ohio St.3d 472, 2006-Ohio-1503, 844 N.E.2d 825, ¶ 25-26. Thus, this court has jurisdiction to entertain the merits of PE Lima's arguments on appeal.

### *Appointment of a Receiver*

{¶15} In a single assignment of error, PE Lima argues that the trial court erred by appointing a receiver for the Allen County property.

{¶16} When reviewing a trial court's order appointing a receiver, appellate courts employ an abuse-of-discretion standard. *See State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 73, 573 N.E.2d 62 (1991). "An abuse of discretion is more than an error of law; rather it suggests that a trial court's decision is unreasonable, arbitrary, or unconscionable." *Fifth Third Bank v. Q.W.V. Properties, LLC*, 12th Dist. Butler No. CA 2010-08-245, 2011-Ohio-4341, ¶ 18.

{¶17} Lender moved for the appointment of a receiver pursuant to R.C. 2735.01(A)(2) and (3). R.C. 2735.01(A) provides, in pertinent part, that a receiver may be appointed by the common pleas court

(2) In an action by a mortgagee for the foreclosure of the mortgagee's

mortgage and sale of the mortgaged property, when it appears that the

mortgaged property is in danger of being lost, removed, materially injured, diminished in value, or squandered, or that the condition of the mortgage has not been performed, and either of the following applies:

(a) The property is probably insufficient to discharge the mortgage debt.

(b) The mortgagee has consented in writing to the appointment of a receiver.

(3) To enforce a contractual assignment of rents and leases.

{¶18}   PE Lima initially argues that the trial court lacked sufficient evidence to grant Lender's motion to appoint the receiver for the Allen County property absent an evidentiary hearing.  But Ohio appellate courts have held that R.C. 2735.01 does not require a trial court to hold an evidentiary hearing before appointing a receiver, particularly where the moving party has produced evidence by supporting documentation and affidavits.  *See Victory White Metal Co. v. N.P. Motel Sys. Inc.*, 7th Dist. Mahoning No. 04 MA 245, 2005-Ohio-2706, ¶ 52-54; *Poindexter v. Grantham*, 8th Dist. Cuyahoga No. 95413, 2011-Ohio-2915, ¶ 14; *Crawley JV, L.L.C. v. Wall St. Recycling, L.L.C.,* 2015-Ohio-1846, 35 N.E.3d 30, ¶ 8 and 12 (8th Dist.).

{¶19}   Here, the record reflects that the trial court considered the two affidavits that Lender had filed in support of its motions for a receiver.  Lender had submitted an affidavit by Solomon in support of its December 8, 2015 motion for a receivership order for the Hamilton County properties.  Lender filed a second Solomon affidavit in support of its February 26, 2016 motion to subject the Allen County property to the receivership order.  Given these affidavits and the supporting documentation referenced in the affidavits, we cannot conclude the trial court erred

by not holding an evidentiary hearing before adding the Allen County property to the February 1, 2016 receivership order.

{¶20}    PE Lima next challenges the sufficiency of the evidence Lender presented to support its receivership motion for the Allen County property, but only with respect to R.C. 2735.01(A)(2).  PE Lima argues that Lender failed to put forth any evidence to show that the conditions in R.C. 2735.01(A)(2) had been met or that it had consented in writing to the appointment of a receiver, and thus, the trial court erred in appointing a receiver under that statutory subsection.

{¶21}    We need not decide, however, whether the trial court had sufficient evidence before it to satisfy R.C. 2735.01(A)(2), because the trial court provided another statutory basis for the appointment of the receiver for the Allen County property.  Here, the trial court additionally determined that Lender was entitled to a receiver pursuant to R.C. 2735.01(A)(3), which provides for the appointment of a receiver "[t]o enforce a contractual assignment of rents and leases."

{¶22}    In Sections 1.01(h) and 1.01(s) of the mortgage, PE Lima granted an absolute assignment of rents and leases to Lender as the holder of the Allen County mortgage.   In Section 1.02 of the mortgage, PE Lima

> absolutely and unconditionally assign[ed] to [Lender] all * * * right,
> title, and interest in and to all current and future Leases and Rents; it
> being intended by [Lender] that this assignment constitutes a present,
> absolute assignment and not an assignment for additional security
> only.  Nevertheless, subject to the terms of the Assignment of Leases, *
> * * and Section 7.01(j) of this Mortgage, [Lender] grants to [PE Lima] a
> revocable license to collect, receive, use, and enjoy the Rents. [PE

Lima] shall hold the Rents, or a portion thereof sufficient to discharge all current sums due on the Debt, for use in the payment of such sums.

{¶23} Section 7.01(j)(iv) of the mortgage, provides that upon "any Event of Default, [PE Lima] agrees that [Lender] may take such action, without notice or demand, as it deems advisable to protect and enforce its rights against [PE Lima] and in and to the Property, including but not limited to" the right to automatically revoke the "license granted to [PE Lima] under Section 1.02" and to "make, cancel, enforce, or modify Leases, obtain and evict tenants and demand, sue for, collect, and receive all Rents of the Property and every part thereof."

{¶24} PE Lima also entered into a contractual assignment of leases and rents with Lender. Article 3, Section 3.1 of the Assignment of Leases and Rents provides that upon

an Event of Default, the license granted to [PE Lima] in Section 2.1 of this assignment shall automatically be revoked and Lender shall immediately be entitled to possession of all Rents and all sums due under any Lease Guaranties, whether or not Lender enters upon or takes control of the Property. In addition, Lender may, at its option, without waiving any Event of Default, without regard to the adequacy of the security for the Obligations, either in person or by agent, * * * with or without bringing any action or proceeding, or by a receiver appointed by a court, dispossess [P.E. Lima] and its agents and servants from the Property * * * and take possession of the Property * * *.

{¶25} PE Lima does not challenge the trial court's determination that Lender was entitled to the appointment of a receiver to enforce its contractual

assignment of rents and leases. Based on our review of the record and the law, we cannot conclude the trial court abused its discretion in appointing a receiver pursuant to R.C. 2735.01(A)(3). *See, e.g., Victor Asset Acquisition LLC v. Woogerd*, 5th Dist. Richland Nos. 15-CA-47 and 15-CA-69, 2016-Ohio-1435, ¶ 32-37. We, therefore, overrule PE Lima's sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**MOCK, P.J.,** and **CUNNINGHAM, J.,** concur.

Please note:

The court has recorded its own entry this date.