Andrew A. Kabat, Richard C. Haber, Shannon J. Polk, Haber Polk & Kabat, L.L.P., 1330 W. 78th Street, Suite 305, Cleveland, Ohio 44102, For Haber Polk Kabat, L.L.P.
Frank R. DeSantis, Thompson Hine, L.L.P., 3900 Key Center, 127 Public Square, Cleveland, Ohio 44114, For Frank R. DeSantis
Thomas L. Feher, Thompson Hine, L.L.P., 3900 Key Center, 127 Public Square, Cleveland, Ohio 44114, For Thompson Hine, L.L.P.
Michael C. O'Malley, Cuyahoga County Prosecutor, By: Charles E. Hannan, Assistant County Prosecutor, The Justice Center, 8th Floor, 1200 Ontario Street, Cleveland, Ohio 44113, ATTORNEYS FOR RESPONDENT
Robert T. Glickman, Charles A. Nemer, Nicholas R. Oleski, McCarthy Lebit Crystal & Liffman Co., 191 W. Prospect Avenue, Suite 1800, Cleveland, Ohio 44115, For Mark Dottore
JOURNAL ENTRY AND OPINION
EILEEN A. GALLAGHER, A.J.:
{¶ 1} Relators Haber Polk Kabat, L.L.P. ("Haber Polk"), Thompson Hine, L.L.P. ("Thompson"), Andrew A. Kabat, Richard C. Haber and Frank DeSantis seek a writ of procedendo to compel respondent judge to vacate an order staying proceedings in the Cuyahoga C.P. No. CV-16-861346. Relators argue that the trial court has unreasonably stayed the matter pending actions of an appointed receiver to undertake repairs of several condominium units and sell *651 them. We find that a stay of proceedings for an indeterminate time is unreasonable in this case. We grant relators' motion for summary judgment, deny respondent's motion for summary judgment, grant the writ of procedendo, and direct the respondent to proceed to judgment in this case without delay.
Factual Background and Procedural History
{¶ 2} The underlying case involves a dispute over legal fees. Relators agreed to represent a condominium association on a contingency fee basis in a lawsuit against a construction/development company that built the condominium complex. The association was ultimately successful in its suit against the company and won a multimillion dollar judgment. The judgment included the transfer of 46 condominium units and parking spaces from the company to the association. A dispute arose about how to apply the 40 percent contingency fee agreement to the real property and how to value the real property.
{¶ 3} After no satisfactory resolution could be reached, relators filed suit against the association on April 1, 2016. In the midst of this litigation, the trial court appointed a receiver to manage the property awarded to the association. Relators unsuccessfully challenged the appointment in an appeal to this court. Haber Polk Kabat, L.L.P. v. Condominiums at Stonebridge Owners' Assn. , 8th Dist., 2017-Ohio-8069, 98 N.E.3d 1172. While the appeal was pending, the condominium association sought a stay of the litigation until the receivership was complete. Ruling on that motion was held in abeyance pending appeal.
{¶ 4} After the case was remanded to the trial court by this court, the receiver moved for an indefinite stay so that repairs to the condominium units could be effectuated and those units could be marketed and sold. The respondent judge granted the stay on December 4, 2017. Relators filed a motion to lift the stay, which was denied on February 6, 2018.
{¶ 5} Relators then filed the instant complaint for a writ of procedendo, seeking an order to vacate the stay and direct the respondent judge to proceed to judgment. Relators and respondent judge filed motions for summary judgment.[1]
Law and Analysis
Writ of Procedendo
{¶ 6} A writ of procedendo is the appropriate mechanism to prod a trial court to proceed to final judgment where that disposition has been improperly delayed or withheld. State ex rel. Watkins v. Eighth Dist. Court of Appeals , 82 Ohio St.3d 532, 535, 696 N.E.2d 1079 (1998), citing State ex rel. Miley v. Parrott , 77 Ohio St.3d 64, 65, 671 N.E.2d 24 (1996). Therefore, a writ of procedendo will issue to require a court to proceed to final judgment if the court has erroneously stayed the proceeding. Id. , citing State ex rel. Crandall, Pheils & Wisniewski v. DeCessna , 73 Ohio St.3d 180, 184, 652 N.E.2d 742 (1995).
{¶ 7} The requirements necessary to demonstrate that relief in procedendo is warranted are: (1) a clear legal right to proceed in the underlying matter, and (2) the lack of an adequate remedy in the ordinary course of the law. See, e.g., State ex rel. Charvat v. Frye , 114 Ohio St.3d 76, 2007-Ohio-2882, 868 N.E.2d 270, ¶ 13. However, where a judge erroneously stays proceedings, the relator is not required to demonstrate that it lacks an *652 adequate remedy at law. Watkins at 535, 696 N.E.2d 1079.
{¶ 8} A court has broad discretion to control the flow of its docket and the judicial resources entrusted to it. That discretion, however, is not unlimited. A court abuses its discretion when it acts in an unreasonable, arbitrary or unconscionable manner. State ex rel. Worrell v. Ohio Police & Fire Pension Fund , 112 Ohio St.3d 116, 2006-Ohio-6513, 858 N.E.2d 380, ¶ 10.
Indefinite Stay for Ancillary Proceedings
{¶ 9} Writs of procedendo have been issued or denied where a court stayed a case based on some concomitant proceeding. These cases tend to turn on whether the resolution of the ancillary proceeding would impact the jurisdiction of the court or where a legal question common to both proceedings would resolve that question for the parties. See State ex rel. Cleveland v. Corrigan , 8th Dist. Cuyahoga No. 93940, 2009-Ohio-6655, 2009 WL 4863445, ¶¶ 10-12 (collecting cases). See also State ex rel. Miley v. Parrott , 77 Ohio St.3d 64, 671 N.E.2d 24 (1996) ; State ex rel. Cleveland v. State Bd. of Tax Appeals , 10th Dist. Franklin No. 13AP-308, 2014-Ohio-3736, 2014 WL 4243779. The issue presented here, whether an indefinite stay of proceedings in order to allow for the maximization of the assets of a receivership estate, has not been squarely addressed. In most cases a receiver would undertake such a sale post judgment, which is why a dirth of case law exists on the issue of prejudgment stays in this context.
{¶ 10} In the present case, respondent judge argues that he has a significant interest in protecting the receivership estate and has validly exercised his discretion in furtherance of that goal. He also asserts that the stay will decrease the costs of litigation. Respondent judge also argues he has discretion to control his docket.
{¶ 11} In PNC Bank, N.A. v. J & J Slyman, L.L.C. , 8th Dist. Cuyahoga No. 101777, 2015-Ohio-2951, 2015 WL 4506915, this court recognized the significant interests a court had in controlling litigation against a receiver or the property under receivership.
[T]he receivership court has a valid interest in both the value of the claims themselves and the costs of defending any suit as a drain on receivership assets. See SEC v. Universal Fin. , 760 F.2d 1034, 1038 (9th Cir.1985). To this extent, the receivership court may issue a blanket injunction, staying litigation against the named receiver and the entities under his control unless leave of that court is first obtained. Barton v. Barbour , 104 U.S. 126, 128, 26 L.Ed. 672 (1881).
PNC Bank at ¶ 18. Further, a court has discretion to control its own docket. However, that discretion and the interests embodied in the above principles must be balanced against the relators' right to a timely determination of the issues submitted to the court for adjudication.
{¶ 12} "The appointment of a receiver is an ancillary proceeding. Community First Bank & Trust v. Dafoe , 108 Ohio St.3d 472, 2006-Ohio-1503, 844 N.E.2d 825, ¶ 26. It is a 'separate procedure[ ] tied to a main action, acting in furtherance of the main action, but with [its] own li[fe].' " United States Bank, N.A. v. Courthouse Crossing Acquisitions, L.L.C. , 2d Dist. Montgomery No. 27331, 2017-Ohio-9232, 103 N.E.3d 300, ¶ 10, quoting Dafoe at ¶ 26. A receivership does not impact the jurisdiction of the court in this case. Therefore, we must look to the receivership *653 proceedings to determine its impact on the adjudication on the issues raised.
{¶ 13} Relators point out that a future sale of rehabilitated condominiums would not moot litigation as claimed by the receiver in his motion requesting the stay. Relators also assert that the value of the condominium units must be determined as of the date of settlement-a date in December 2014-and in as-is condition at that time. Therefore, the sale price of refurbished condominiums in 2018 or beyond is not indicative of value for the purposes of the underlying case. While the receiver may derive a pool of money from the sale of rehabilitated units that could satisfy a judgment, that does not determine the amount that relators are owed as a result of the contingency fee agreement. The stay also does not impact the counterclaims filed by the condominium association.
{¶ 14} In the underlying action, the association asserted claims that the law firms breached their fiduciary duty to it by not explaining the impact of a contingency fee agreement on the real property involved in the case and committed legal malpractice. The actions of the receiver do not resolve or ameliorate these questions and, therefore, do not justify an indefinite stay of proceedings.
{¶ 15} In Corrigan , this court determined that an indefinite stay of proceedings while a federal appeal was pending constituted an abuse of discretion. Corrigan , 8th Dist. Cuyahoga No. 93940, 2009-Ohio-6655, at ¶ 15. There, the trial court stayed a suit against several financial institutions filed by the city of Cleveland regarding nuisance claims related to foreclosure and demolition expenses incurred by the city during the foreclosure crisis after 2008. The city had filed a similar suit in federal court against related but not identical parties. Id. at ¶¶ 2-5. That case examined the impact that the federal proceedings would have on the jurisdiction of the trial court and the impact on the legal questions involved in the subject case in deciding whether to issue a writ directing the trial court to proceed to judgment. We then determined that an indefinite stay impermissibly delayed adjudication of the issues submitted to the trial court to decide. Id. at ¶ 15. We found that the federal case did not impact the trial court's jurisdiction to proceed. Id. Finally, because the parties were not the same, a decision in one case would not be determinative of the issues presented in both cases. Id. at ¶ 14. This court also rejected one of the judge's justifications for the stay-that it would diminish the time and expense of litigation. Id. at ¶ 15.
{¶ 16} In Corrigan , the ancillary litigation did not impact the jurisdiction of the trial court to proceed to judgment or answer the legal questions put to the court for determination. In the present case, the rehabilitation and sale of condominium units do not affect the outcome of the litigation such that it answers the legal questions raised in the complaint and counterclaims.
{¶ 17} Respondent judge argues that relators have an adequate remedy at law. He indicates that relators could move to modify the stay or for a more definite stay.
{¶ 18} Relators have already asked respondent judge to lift the stay, which he denied. The case was initiated over two years ago.[2] The result of the trial court's stay is an indeterminate hold on the litigation that could potentially last for years. Therefore, relators do not have an adequate remedy at law by way of appeal.
*654 Corrigan , 8th Dist. Cuyahoga No. 93940, 2009-Ohio-6655, at ¶ 17, citing Community First Bank & Trust v. Dafoe , 108 Ohio St.3d 472, 2006-Ohio-1503, 844 N.E.2d 825.
{¶ 19} We must note that relators' specious claims of impropriety asserted against the respondent judge and receiver have no bearing on the decision of this court. Relators allege, without any real evidence, that the receiver and the trial court had inappropriate ex parte communications. Those unsubstantiated allegations provide nothing in the way of support for the issuance of a writ in this case. Further allegations that the trial court issued the stay in order to force relators to settle the dispute is, likewise, meritless and plays no part in the decision of this court.
Conclusion
{¶ 20} An indefinite stay in order for the receiver to effectuate repairs to a building structure, the entirety of which is not even currently under the control of the receiver and to market and sell condominium units could last for years. The actions of the receiver do not address the legal questions raised in the relators' complaint or counterclaim filed by the association, which, if successful, could greatly impact any recovery by relators and render the receivership unnecessary.
{¶ 21} The stay does not and will not resolve the issue of the valuation of the condominium units in question as it relates to the underlying litigation. The stay may have the practical effect of giving the association a pool of money with which to more easily satisfy any judgment that may be awarded against it but the same is true of postjudgment proceedings that could be used by the court and the receiver. Therefore, maximization of the assets of the receivership estate could be accomplished without indefinitely staying proceedings at this stage of the litigation. The respondent judge abused his discretion when issuing an indefinite stay of proceedings in this case.
{¶ 22} Respondent is ordered to vacate the stay of proceedings issued on December 4, 2017, and proceed to adjudicate the claims asserted in Cuyahoga C.P. No. CV-16-861346. Respondent to pay costs. Costs waived. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
{¶ 23} Writ granted.
MELODY J. STEWART, J., and
KATHLEEN ANN KEOUGH, J., CONCUR

The receiver filed a motion to intervene in the action, claiming intervention as a matter of right and permissive intervention, which this court denied.

We recognize that a portion of the delay experienced by relators is due to the unsuccessful appeal of the appointment of a receiver.