OPINION
{¶ 1} Appellant, Realtispec, Inc. appeals from the judgment of the Lake County Court of Common Pleas denying its motion to vacate an order confirming a binding arbitration award to appellee, Fred Schwartz. For the reasons set forth herein, we reverse and remand the current matter for a hearing pursuant to R.C. 2711.09.
 {¶ 2} On February 20, 2002, appellee was awarded a total of $16,481 by Arbitrator Melvin Silver. Appellee initiated the current matter on February 28, 2002, by filing an application for order confirming his arbitration award. Although the docket sheet in the current matter reflects the existence of some form of service, it is unclear whether appellant was properly notified. Appellant did not file a motion to oppose the application for confirmation in the Lake County Court of Common Pleas. However, on March 13, 2002, appellant filed an application for vacation or modification of the arbitration award in the Cuyahoga County Court of Common Pleas.[1] Notwithstanding this application, it is unclear whether appellant notified appellee or Lake County Court of Common Pleas of the pending proceeding in Cuyahoga County.[2] Appellant alleges, without independent evidence to support its claim, that counsel for both parties agreed that the actions should be consolidated and the case heard in Cuyahoga County. Appellee maintains he never agreed to the venue transfer. But for his counsel's affidavit confirming appellant's claim, the record does not support appellant's contention regarding the purported agreement.
 {¶ 3} Nevertheless, on April 10, 2002, the Lake County Court of Common Pleas confirmed the binding arbitration award and granted judgment in favor of appellee. On May 6, 2002, appellant filed a motion to vacate the confirmation of the award. On June 14, 2002, the trial court denied appellant's motion. The current appeal followed. Appellant now raises the following issue for our review: "Whether the trial court committed prejudicial error when it denied appellant's motion to vacate its order confirming the arbitration award that was entered into without a hearing and while an application to vacate the award was pending in a court of concurrent jurisdiction."
 {¶ 4} In support of its assignment, appellant notes that R.C. 2711.09
requires that "[n]otice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof." Appellant contends that it never received notice mandated by R.C. 2711.09; moreover, the record reflects that a hearing on appellee's application for confirmation was never conducted.[3] Appellant argues, pursuant to Civ.R. 60(B), that it is entitled to relief from judgment due to, "excusable neglect." That is, appellant asserts the trial court confirmed the arbitration award in default without notice or holding a hearing required by R.C. 2711.09. Appellant notes that the R.C. 2711.09
does not set forth a time limit for a response to an application to confirm an award. As such, appellant concludes that its failure to file response pleadings was a function of excusable neglect under Civ.R. 60(B)(1) and the confirmation should therefore be vacated. We agree that a hearing on appellee's application for confirmation was required and the lower court's failure to do so necessitates a reversal. However, such a conclusion can be reached by reference to Ohio's Arbitration Act (R.C. 2711, et seq.) rather than via appellant's Civ.R. 60(B) argument.
 {¶ 5} Specifically, R.C. 2711.09 reads:
 {¶ 6} "Anytime within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and2711.11 of the Revised Code. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof."
 {¶ 7} An examination of R.C. 2711.09 reveals an indication that a hearing is required. See, e.g., Ungar v. Ormsbee, 5th Dist. No. 2001CA00210, 2002 Ohio App. LEXIS 643, at 4; Zingarelli v. Lord (Nov. 17, 1994), 10th Dist. No. 94APE05-699, 1994 Ohio App. LEXIS 5195, at 6.[4] However, a review of the docket demonstrates that no hearing was scheduled on the R.C. 2711.09 application.
 {¶ 8} R.C. 2711.13 addresses motions to vacate, modify or correct an arbitration award. The statute states, in relevant part: "Notice of motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest, as prescribed by law for service of notice of a motion in an action. * * *"
 {¶ 9} The Supreme Court of Ohio has held, "when a motion is made pursuant to R.C. 2711.09 to confirm an arbitration award, the court must grant the motion if it is timely, unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown." WarrenEdn. Assn. v. Warren Cty. Bd. of Edn. (1985), 18 Ohio St.3d 170, syllabus.
 {¶ 10} Read together, R.C. 2711.09 and 2711.13 set forth an intelligible procedural scheme. To wit, R.C. 2711.09 requires a hearing on an application to confirm. As a matter of law, a motion to confirm must be granted unless a timely motion to modify or vacate is made and cause to modify or vacate is demonstrated. A party seeking to modify or vacate an arbitration award has up to three months from the date of the award to file its motion. Therefore, the proper way to approach a situation such as the one sub judice, is to conduct a hearing after an adverse party files a motion to modify or vacate. However, if three months have elapsed since the award and a motion to modify or vacate has not been filed, a court should continue forward with a hearing on the motion to confirm.
 {¶ 11} In the current matter, the court proceeded, without a hearing, to rule on appellee's motion to confirm less than two months after the arbitrator's decision was rendered. Although appellant filed a motion to modify or vacate in Cuyahoga County[5] on March 13, 2002, it did not do so in Lake County. However, before the three month period prescribed by R.C. 2711.13 had passed, the lower court ruled in favor of appellee without holding a hearing. Thus, the trial court erred in failing to hold a hearing.
 {¶ 12} Because the trial court erred in failing to hold a hearing on appellee's initial motion to confirm, there is no need to address the court's denial of appellant's motion to vacate appellee's confirmation. That is, the latter is dependent upon the former and, to the extent the former is overruled, the latter has no effect. Similarly, there is no need to address appellant's Civ.R. 60(B) argument as our analysis renders it moot.
 {¶ 13} Therefore, appellant's sole assignment of error has merit and the judgment of the Lake County Court of Common Pleas is reversed and this matter is remanded for proceedings consistent with this opinion.
Donald R. Ford, P.J., and William M. O'Neill, J., concur.
[1] R.C. 2711.16, a jurisdictional statute for courts of common pleas, indicates that jurisdiction for arbitration review, "is generally in the courts of common pleas, and actions and proceedings brought under [R.C.2711.01 to 2711.14] shall be brought in the court of common pleas of the county designated by the parties to the arbitration agreement * * *, which designation is an irrevocable consent to the parties thereto to such jurisdiction, or, whether or not such designation has been made, in the court of common pleas of any county in which a party in interest resides or may be summoned."
[2] R.C. 2711.09 governs applications for orders confirming, vacating, modifying, or correcting an arbitration award. This statute requires notice to be served on the adverse party or his attorney five days before a hearing thereupon.
[3] The April 10, 2002, judgment entry is blank regarding information on the hearing. Further, the record is otherwise bare regarding proceedings pursuant to R.C. 2711.09.
[4] Although these courts have found a R.C. 2711.09 hearing mandatory, the Eighth District has held that while 2711.09 contemplates the possibility of a hearing, one is not required where the issues can be determined on the pleadings. Cleveland Police Patrolman's Assn. v.Cleveland (July 28, 1994), 8th Dist. No. 65874, 1994 Ohio App. LEXIS 3347, at 6. In the current case, the exception crafted by the Eighth District does not apply because appellant never filed a motion to modify or vacate in Lake County. Therefore, the issues could not be determined on the pleadings.
[5] We do not necessarily dispute the legal propriety of appellant filing its motion to modify or vacate in the Cuyahoga Court of Common Pleas. In fact, as far as we can discern, R.C 2711.16, the jurisdictional statute for courts of common pleas, would vouchsafe that court concurrent jurisdiction. However, appellant could have avoided the current confusions had it filed its motion in Lake County as soon as it discovered that appellant had filed his application for confirmation.