[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *BST Ohio Corp. v. Wolgang*, Slip Opinion No. 2021-Ohio-1785.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-1785

BST OHIO CORPORATION ET AL., APPELLANTS, *v.* WOLGANG ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *BST Ohio Corp. v. Wolgang*, Slip Opinion No. 2021-Ohio-1785.]**

*Neither R.C. 2711.09 nor R.C. 2711.13 requires a court to wait three months after an arbitration award is issued before confirming the award—The three-month period set forth in R.C. 2711.13 is not a guaranteed time period in which to file a motion to vacate, modify, or correct an arbitration award.*

(No. 2020-0015—Submitted January 27, 2021—Decided May 27, 2021.)

APPEAL from the Court of Appeals for Cuyahoga County, No. CA-19-108130, 2019-Ohio-4785.

_____

**BRUNNER, J.**

## I. INTRODUCTION

{¶ 1} Appellants, BST Ohio Corporation, Pop's Girl Corporation, Doctorbill Management Corporation, WWS Massillon, L.L.C., NSHE Sossaman, L.L.C., SBW Massillon, L.L.C., WC Massillon, L.L.C., William Sperling, Erica Westheimer, Randi Archuleta, Steven Gurevitch, Joyce Gerbosi Divita, Michael Gerbosi Divita, Fred Westheimer, Susan Westheimer, Russell Geyser, Wendy Courtney, and Maya Ruby Smith (individually, in combination, and collectively, "BST"), appeal the judgment of the Eighth District Court of Appeals involving the issue whether under R.C. 2711.09 and 2711.13, a trial court must delay three months before confirming an arbitration award. Appellees, Evan Gary Wolgang and Massillon Management Company (collectively, "Wolgang"), urge that we affirm the Eighth District's judgment, arguing that R.C. 2711.13 requires a trial court to wait three months before confirming an arbitration award when the party opposing confirmation informs the trial court that it intends to file a motion to vacate, modify, or correct under R.C. 2711.10 or 2711.11. We conclude that although R.C. 2711.13 imposes a three-month deadline for motions to vacate, modify, or correct arbitration awards, that period is a maximum time that is not guaranteed.

{¶ 2} R.C. 2711.09 requires a trial court to confirm an arbitration award on application proceedings, "unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code." Concomitantly, R.C. 2711.13 requires a party that wishes to contest the confirmation of an arbitration award to notify the party seeking confirmation that it has filed a motion to vacate, modify or correct the arbitration award, and it requires notice be given within three months after the award is delivered to the parties. As such, R.C. 2711.13 does not operate as an automatic stay on confirmation, but rather, requires parties opposed to the confirmation of an arbitration award to be diligent in seeking to vacate, modify, or correct it.

## II. FACTS AND PROCEDURAL HISTORY

{¶ 3} In 2017, under the terms of an operating agreement between the parties, BST initiated binding arbitration proceedings in Cuyahoga County concerning actions of Wolgang, alleging mismanagement of a warehouse property run by a company owned jointly by Wolgang and BST. Wolgang counterclaimed, accusing BST of not meeting certain payment obligations. On December 6, 2018, after considerable arbitration proceedings, including a nine-day hearing and several rounds of briefing, the arbitrator awarded equitable and monetary relief to various entities involved in the matter.

{¶ 4} The same day the arbitrator's award was issued, December 6, 2018, BST applied to the Cuyahoga County Common Pleas Court to confirm the award. The following day, December 7, 2018, Wolgang filed a petition to vacate or correct the arbitration award in the Superior Court of California, County of Los Angeles.[1] Wolgang does not assert in this appeal that the California case has any bearing on the issues in this case. Wolgang did not directly oppose the application to confirm the award in Cuyahoga County.

{¶ 5} On December 22, 2018, just over two weeks after BST filed its application for confirmation and Wolgang filed its motion to vacate or correct the arbitration award in California, the Cuyahoga County Common Pleas Court scheduled a hearing on confirmation for December 27 at 3:00 p.m. On December 24, two days after the court entered its order scheduling the hearing, Wolgang moved to stay or continue the proceedings in Cuyahoga County. At no time before the trial court's confirming the arbitration award did Wolgang move to vacate, modify, or correct the arbitration award in Ohio.

{¶ 6} In seeking a stay or continuance of the hearing on BST's application to confirm the arbitration award, Wolgang argued that it had not received

---

1. We discern from the record that a significant number of the parties involved in the matter are situated in California, though the warehouse property at issue is located in Massillon, Ohio.

sufficient notice of the hearing (especially considering the Christmas holiday) to make necessary travel and other arrangements, that its California petition was pending, and that under R.C. 2711.13, it had three months to move to vacate, modify, or correct the award.

{¶ 7} BST opposed Wolgang's motion for stay or continuance on December 26, arguing that Wolgang had received plenty of notice of the proceeding (having been served with a copy of the application to confirm on December 6), that the California petition amounted to forum shopping, and that Ohio law does not require a court to delay confirming an arbitration award until after the expiration of the three-month limitation period for filing motions to vacate, modify, or correct.[2] The same day that BST filed its brief in opposition to Wolgang's stay motion, Wolgang replied, arguing that Ohio's statute guaranteed it three months to make its motion.

{¶ 8} The following day, BST filed a motion (which the trial court elected to treat as a surreply) again arguing that Ohio law does not require a trial court to delay confirmation for three months to permit the R.C. 2711.13 statutory limitation period to run before ruling on an R.C. 2711.09 application for confirmation of an arbitration award.

{¶ 9} On December 27, 2018, the trial-court hearing took place as scheduled, and the parties appeared through counsel, either in person or telephonically. BST argued that Wolgang was served with notice of the confirmation proceeding on December 6, that despite that notice, it had not substantively responded (other than by filing the California petition), and that the award, therefore, should be confirmed. Wolgang argued that Ohio law permits a party to arbitration to file a motion to vacate, modify, or correct an arbitration

---

2. Not all BST parties joined in filing the application, which was one of Wolgang's arguments for a stay—that not all necessary parties had been joined. BST responded that under Civ.R. 19, all necessary parties had been joined.

award within three months of the award and therefore the confirmation proceeding was premature. Wolgang indicated that it believed California had proper jurisdiction and venue, but if the Cuyahoga County Common Pleas Court were to determine otherwise, Wolgang would, within the three months permitted, move to modify or vacate the award in Ohio. After hearing the arguments, the trial judge stated that regardless of the three-month limitation period in which to move to vacate, modify, or correct an award, the judge believed that the filing of the application to confirm in Cuyahoga County Common Pleas Court should have generated a response in the same court in the form of a motion to vacate, modify, or correct. Wolgang did not file any such motion before the trial judge issued his decision.

{¶ 10} Approximately two weeks after the hearing, on January 14, 2019, the trial court denied Wolgang's motion to stay or continue. The following day, January 15, 2019, the trial court confirmed the arbitration award.

{¶ 11} Wolgang appealed to the Eighth District Court of Appeals the next day, on January 16, 2019. During the appeal, Wolgang sought to supplement the appellate record with an Ohio-filed motion to vacate the arbitrator's award that Wolgang had filed in a separate, new Cuyahoga County Common Pleas Court case on March 5, 2019, 89 days after delivery of the arbitration award and subsequent to the trial court's confirmation order. The Eighth District denied the motion to supplement because the material was not available to the trial court at the time it made the decision Wolgang had appealed. On November 21, 2019, the Eighth District issued the decision now under review by this court.

{¶ 12} The Eighth District concluded that when read together, R.C. 2711.09 and 2711.13 require that a court accord a party intending to move to vacate, modify, or correct an arbitration award a full three months in which to move. 2019-Ohio-4785, 149 N.E.3d 214, ¶ 20-25. Accordingly, the Eighth District determined that the confirmation in this case had been issued prematurely.

{¶ 13} BST timely appealed to this court, and we accepted the appeal, 158 Ohio St.3d 1434, 2020-Ohio-877, 141 N.E.3d 242. For the following reasons, we reverse the judgment of the Eighth District.

### III. DISCUSSION

{¶ 14} This case requires us to resolve a legal question regarding the way certain arbitration statutes are to be construed together. We review questions of law de novo. *State v. Pettus*, ___ Ohio St.3d ___, 2020-Ohio-4836, ___ N.E.3d ___, ¶ 10.

{¶ 15} R.C. 2711.09 provides that "any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award" and "the court shall grant" that confirmation "unless the award is vacated, modified, or corrected." As this court has held, under R.C. 2711.09, "the court must grant the [application] if it is timely, unless a timely motion for modification[, correction,] or vacation has been made and cause to modify[, correct,] or vacate is shown." *Warren Edn. Assn. v. Warren Bd. of Edn.*, 18 Ohio St.3d 170, 480 N.E.2d 456 (1985), syllabus. R.C. 2711.09 also requires that notice of the application for confirmation be served on the adverse party five days before the hearing on confirmation.

{¶ 16} Parties seeking to alter the results of arbitration may move to vacate, modify, or correct the arbitration award, and R.C. 2711.13 prescribes the timing and notice procedure for this: "After an award in an arbitration proceeding is made, any party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award" and notice of the motion must be served on the adverse party within three months of the delivery of the arbitration award.

{¶ 17} The same statute also provides discretion to the trial court in handling potentially conflicting pleadings or proceedings concerning an

arbitration award: "For the purposes of the motion, any judge who might make an order to stay the proceedings in an action brought in the same court may make an order, to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award." *Id.* The trial court denied Wolgang's motion to stay or continue because Wolgang had not filed a motion to vacate, correct, or modify the arbitration award in the Cuyahoga County Common Pleas Court.

{¶ 18} We read the time-deadline provisions of R.C. 2711.09 and 2711.13—one year in which to apply to confirm an award[3] and three months in which to move to vacate, modify, or correct an award—as coexisting and operating both independently and in tandem within the state's statutory scheme. *See Galion v. Am. Fedn. of State, Cty. & Mun. Emps., Ohio Council 8, AFL-CIO, Local No. 2243*, 71 Ohio St.3d 620, 622, 646 N.E.2d 813 (1995). Thus, even though R.C. 2711.09 requires a court to confirm an arbitration award on an application to confirm that is filed within a year of the award, an opposing party may still move that the award be vacated, modified, or corrected, within three months of the award, R.C. 2711.13. Important to this analysis is the fact that in R.C. 2711.13, the General Assembly specifically addressed the discretionary power of the trial court to stay proceedings in the interest of fairness to both parties. The trial court is thus empowered to balance the interests of the parties through procedures that allow both the arbitration confirmation to be considered and any grievances about the arbitration award to be aired and resolved, all toward resolution of the parties' disputes.

---

3. Some appellate courts have suggested that there may be other remedies to enforce or confirm an arbitration award beyond the one-year period imposed by statute. *United Union of Roofers, Waterproofers & Allied Trades, Local No. 44 v. Kalkreuth Roofing & Sheet Metal*, 2019-Ohio-2797, 139 N.E.3d 1244, ¶ 38 (11th Dist.); *Russo v. Chittick*, 48 Ohio App.3d 101, 104-105, 548 N.E.2d 314 (8th Dist.1988). The question whether the limitation period provided in R.C. 2711.09 is as absolute as a traditional statute-of-limitations period is not presented in this case. We therefore do not address it.

{¶ 19} If we were to adopt Wolgang's argument, which essentially applies *Warren*, 18 Ohio St.3d 170, 480 N.E.2d 456, in a vacuum, a hard, three-month limitation on trial courts' confirming arbitration awards would be created in the caselaw, even if not opposed by the filing of a motion to vacate, modify, or correct under R.C. 2711.13. Yet even under the aggressive reading of the holding in *Warren* that Wolgang asserts, if opposition to confirmation *is* timely filed, a trial court still must find that cause to modify, vacate, or correct has been shown before it may refuse to confirm the award. R.C. 2711.10 and 2711.11; *Warren* at syllabus.

{¶ 20} Wolgang's motion to stay or continue the confirmation hearing, which is the *only* motion Wolgang filed in this case in Ohio, perhaps could have been granted by the trial court in its discretion. But the fact remains that *no* motion to vacate, modify, or correct under R.C. 2711.13 was filed in Cuyahoga County to serve as an exception to required confirmation under R.C. 2711.09 until after the trial court confirmed the arbitration award and Wolgang filed a notice of appeal of the confirmation of the award. A motion to stay or continue the confirmation of an arbitration award, by itself, is not the same as a motion to vacate, modify, or correct such an award under R.C. 2711.13 and does not operate under either R.C. 2711.09 or 2711.13 to prevent the court from moving forward to confirmation. Thus, the trial court's consideration of Wolgang's motion was explicitly discretionary.

{¶ 21} We agree with the Eighth District's determination that it could not consider the motion to vacate, modify, or correct that Wolgang filed in the trial court after Wolgang filed its notice of appeal of the confirmation of the award, even though the motion was filed within three months of delivery of the arbitration award. But we disagree with its holding that R.C. 2711.13 imposes what is in effect a three-month waiting period before a court can confirm an arbitration award. We do not read the statute to permit litigants who oppose

confirmation to wait until after the court has held a hearing on an application for confirmation before filing a motion to vacate, modify, or correct the award, even if within three months of the award.

{¶ 22} In short, R.C. 2711.13 contains this simple language: "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or [the adverse party's] attorney within three months after the award is delivered to the parties in interest * * *." R.C. 2711.13 does not guarantee a party a three-month period in which to file a motion opposing an arbitration award, especially in the face of other pleadings or court orders that might by the fact of their existence necessitate an earlier filing of that motion. And this is made most evident by the language concerning stays of R.C. 2711.09 enforcement or confirmation proceedings found in R.C. 2711.13.

{¶ 23} Accordingly, we view the limitation period in R.C. 2711.13 as an upper limit that may be shortened by another party's filing a pleading or motion to which a response is required. Consequently, when a party applies to confirm (or for that matter, moves to vacate, modify, or correct) an arbitration award, as with any other motion or application, the onus is then on the other parties to the arbitration to respond, lest the trial court take the action of confirmation, as contemplated by the statute, and "enter judgment in conformity therewith," R.C. 2711.12. Though caselaw is scant in this area, this view finds some support from the Tenth District Court of Appeals, which has several times stated:

> A reading of R.C. 2711.09 and 2711.13, in such a way as to harmonize their provisions, reveals that the periods provided for therein are periods of limitation within which certain actions must be taken. As with any other period of limitation, appropriate action authorized by statute may be taken at any time within the

period. Such action may thereafter require a response which is omitted at one's peril.

*Goldsmith v. On-Belay, Inc.*, 10th Dist. Franklin No. 90AP-301, 1990 WL 135879, *2 (Sept. 20, 1990); *see also Amanda Scott Publishing v. Legacy Marketing Group, Inc.*, 10th Dist. Franklin No. 92AP-233, 1992 WL 203232, *2 (Aug. 11, 1992) (quoting *Goldsmith*); *Perrot v. Swad Chevrolet, Inc.*, 10th Dist. Franklin No. 90AP-736, 1990 WL 174020, *2 (Nov. 6, 1990) (quoting *Goldsmith*).

{¶ 24} In opposition to this view, Wolgang draws our attention to *Schwartz v. Realtispec, Inc.*, 11th Dist. Lake No. 2002-L-098, 2003-Ohio-6759, in which the court stated:

Read together, R.C. 2711.09 and R.C. 2711.13 set forth an intelligible procedural scheme. To wit, R.C. 2711.09 requires a hearing on an application to confirm. As a matter of law, a motion to confirm must be granted unless a timely motion to modify or vacate is made and cause to modify or vacate is demonstrated. A party seeking to modify or vacate an arbitration award has up to three months from the date of the award to file its motion. Therefore, the proper way to approach a situation such as the one sub judice, is to conduct a hearing after an adverse party files a motion to modify or vacate. However, if three months have elapsed since the award and a motion to modify or vacate has not been filed, a court should continue forward with a hearing on the motion to confirm.

*Id.* at ¶ 10. We discern no error in that language from *Schwartz* and note that a trial court has discretion to wait to proceed on a confirmation application until after three months have elapsed since the arbitration award or after a motion to modify, vacate, or correct has been filed within that period, R.C. 2711.13. However, discretion that *may* be exercised in favor of delay does not alter the fact that the plain statutory language contains nothing to *require* delay.

{¶ 25} BST applied to confirm the award the same day it was issued and provided notice to Wolgang. Rather than respond to the application substantively in the jurisdiction in which it was filed, Wolgang filed an action to vacate or correct the award in the Superior Court of California. More than two weeks after the application to confirm was filed, the trial court in Ohio scheduled a hearing. Only then did Wolgang file a motion in the case. Wolgang requested that the matter be continued in light of the three-month limitation period or stayed pending resolution of the subsequently filed California case.

{¶ 26} At the trial-court hearing on December 27, the court made its position abundantly clear about Wolgang's duty to file a response if it wished to oppose confirmation:

> [Counsel for Wolgang]: In this case—in our case, that three-month period of time has not elapsed, and we still have the right to file a motion to vacate.
>
> THE COURT: That's what you say. I'm the one ruling on the case, and what I have is a party that has moved to confirm, which should have generated then a motion to vacate or modify, right? And, in fact, you filed in California when, in my view, you should have filed it here.
>
> * * *
>
> * * * All you had to do is file your motion to vacate here.

Now you want additional time and additional time after that. What is the reason that it wasn't already done? I know you said that California has a different system.

You have got two very competent attorneys here from Ohio that could have worked on this I'm sure and used Ohio law to file this motion to vacate. You all have had—you have been dealing with this thing for a couple of years.

* * *

[Counsel for Wolgang]: Well, perhaps a motion to vacate could still be filed before the end of the day today, but that would be a motion to vacate that would just set forth the names of the parties and say we move to vacate; and since the hearing will be held, we would have to file briefs and everything else to explain why the arbitrator exceeded her authority or the award is otherwise improper, and that's something that, as I have said, we certainly can do.

* * *

We are going to do what is required to be done under the statute, which is to timely file a motion to modify or vacate within the 90 days under the Ohio statute.

THE COURT: Well, it doesn't say that you have 90 days to file it. It says, a notice of a motion to vacate, modify or correct an award must be served upon the adverse party or its attorney within three months.

You could have filed it the day after. You filed one on December 7th in California. You could have filed it here and we wouldn't be having this discussion. We would all be briefing the

12

issues that are being raised now with respect to the arbitrator exceeding her powers.

[Counsel for Wolgang]: Well, the time has not elapsed for us to do that. We certainly can do that under the statute. * * * [T]he point is that under the statute we have 90 days. That time has not elapsed.

A motion to vacate would be appropriate. It would be timely, and then we're going to have two competing situations even in Ohio, because we will file a motion to vacate and this motion to confirm will be there and we will resolve it when it's all properly before the Court.

I understand what you're saying, Your Honor, but I do not view the other side's filing of their application to confirm as a curtailment of our statutory rights to move to vacate within 90 days.

{¶ 27} Despite that exchange with the trial court, Wolgang still did not file a motion—even a placeholder motion, as discussed during the hearing—to insert some substantive response on the record and pave the way for relevant briefing. Although Wolgang now asserts, "In th[e] Motion to Stay, Wolgang notified the Trial Court that he intended to file and serve a motion to vacate under R.C. 2711.13 within the three-month period therein set forth for such a motion," the reality is that even that expression of intent was conditional and indefinite. The motion to stay actually read, "Ohio Revised Code § 2711.13 allows any party to the arbitration to file a motion to vacate, modify, or correct the award within 90 days of the delivery of the award to the parties in interest, which [Wolgang] fully intends to do in the event this action is not stayed in favor of the California Petition to Vacate." Counsel's statement at the hearing was similarly conditional.

Although counsel said, "[W]e are stating to you right now we intend to move to modify or vacate this award," counsel expressly conditioned that intent on whether the court considered their California filing to be "a sufficient exercise of our rights to seek to vacate or modify this award." Ultimately, the trial court waited more than two additional weeks after the hearing before ruling on the application to confirm. But on January 15, 2020, at which time Wolgang still had not definitively (even in conclusory or placeholder fashion) moved to vacate, modify, or correct the arbitration award, the trial court, complied with the statutory scheme, confirmed the award and entered judgment accordingly. R.C. 2711.09; R.C. 2711.12.

{¶ 28} Nothing in R.C. 2711.09 through 2711.13 required the trial court to stay the action or wait for the R.C. 2711.13 three-month period to expire before confirming the award. Just the opposite is true. There being no motion to vacate, modify, or correct appearing in the record, the trial court was required to do what it did—confirm the award and enter judgment. R.C. 2711.09; R.C. 2711.12; *Warren*, 18 Ohio St.3d 170, 480 N.E.2d 456, at syllabus.

{¶ 29} R.C. 2711.13 does not operate as a statute of limitations for the purpose of preserving objection time. Rather, we hold that under R.C. 2711.13, a party seeking to alter the results of an arbitration has a maximum of three months to move to vacate, modify, or correct the award. In other words, the three-month period set forth in the statute is not a guaranteed time period in which to file such a motion but is instead the outside time available to an aggrieved party that wishes to vacate, modify, or correct an arbitration award.

{¶ 30} When BST applied to confirm the arbitration award, Wolgang failed to substantively respond, at its peril. *See Goldsmith*, 1990 WL 135879 at *2. Even though the statutory three months to move to have the award vacated, modified, or corrected had not yet expired, once the application to confirm was filed, Wolgang needed to put the trial court on notice that it contested the

arbitrator's award and, before confirmation, explain to the trial court why. The application to confirm the arbitrator's award triggered the need to act quickly, no matter how many days remained under the three-month statutory time period. And if this was not abundantly clear to Wolgang before the December 27 hearing, the words of the trial judge on December 27 should have erased all doubt. Well over a month elapsed between the day BST filed the application to confirm the award and the day the trial court granted the application, and despite Wolgang's active interaction with the trial court during that time, Wolgang chose not to file what was needed in Ohio to prevent the award from reaching its judicial fruition. Wolgang now bears the consequences of that choice.

{¶ 31} When a party files an application to confirm within the three-month period following an arbitration award, a party that wishes to file a motion to vacate, modify, or correct the award needs to make its intentions known soon thereafter. R.C. 2711.09 contemplates a minimum of five days' notice before a hearing on an application to confirm an arbitration award. A party seeking to oppose confirmation must file a motion to vacate, modify, or correct the award on or before the hearing date of the application to confirm, and that motion must be filed within three months of the delivery of the arbitration award. Even a placeholder or conclusory motion will suffice, subject to the guidance of the trial court as to when a fully formed motion must be filed.

### IV. CONCLUSION

{¶ 32} R.C. 2711.13 imposes a three-month limitation period for filing motions to vacate, modify, or correct arbitration awards. That limitation period is the maximum amount of time in which to file; it is not a guaranteed amount of time in which to file. When a party to an arbitration applies to confirm the award before the expiration of the three-month period after the award, any party that wishes to oppose confirmation must, within the three-month period, respond with a motion to vacate, modify, or correct the award, on the date of or before the

hearing on the application to confirm. Failing to do so may result in the award's being confirmed. Because the Eighth District held otherwise, we reverse its judgment.

Judgment reversed.

O'CONNOR, C.J., and DONNELLY, J., concur.

FISCHER, J., concurs in judgment only, with an opinion joined by KENNEDY and DEWINE, JJ.

STEWART, J., concurs in part and dissents in part, with an opinion.

_____

**FISCHER, J., concurring in judgment only.**

{¶ 33} Ohio public policy favors arbitration because it is supposed to provide parties with "a relatively expeditious and economical means of resolving a dispute." *Schaefer v. Allstate Ins. Co.*, 63 Ohio St.3d 708, 711-712, 590 N.E.2d 1242 (1992) (plurality opinion). To that end, nearly a century ago, the General Assembly enacted the Ohio Arbitration Act, which is now codified in R.C. Chapter 2711. Am.SB. No. 41, 114 Ohio Laws 137 (effective 1931). This case presents this court with an opportunity to clarify how two provisions within the Ohio Arbitration Act, R.C. 2711.09 and 2711.13, relate to and interact with one another. The short answer is that they do not interact in the way that the Eighth District Court of Appeals determined below.

{¶ 34} R.C. 2711.09 deals with the confirmation of an arbitration award and provides that at any time within a year of an arbitration award being made, "any party to the arbitration may apply to the court of common pleas for an order confirming the award." Importantly, upon a court's receipt of such a request, R.C. 2711.09 requires the court to grant the application and confirm the award, unless the award has been vacated, modified, or corrected. *See also Warren Edn. Assn. v. Warren City Bd. of Edn.*, 18 Ohio St.3d 170, 480 N.E.2d 456 (1985), paragraph one of the syllabus.

{¶ 35} As relevant here, R.C. 2711.13 details the procedure for asking a court to vacate, modify, or correct an arbitration award pursuant to R.C. 2711.10 and 2711.11 and provides a party with a three-month window for doing so.

{¶ 36} Given the text of these provisions, when the Eighth District concluded that an arbitration award could not be confirmed under R.C. 2711.09 before the three-month period set forth in R.C. 2711.13 had passed, 2019-Ohio-4785, 149 N.E.3d 214, ¶ 25, that court added a requirement to the Ohio Arbitration Act that simply is not there.

{¶ 37} Courts in this state are not, however, free to rewrite laws passed by the General Assembly. *Wheeling Steel Corp. v. Porterfield*, 24 Ohio St.2d 24, 27-28, 263 N.E.2d 249 (1970). Instead, when the language used by Ohio's legislature is plain and unambiguous, the courts of this state must humbly apply the law as written. *Zumwalde v. Madeira & Indian Hill Joint Fire Dist.*, 128 Ohio St.3d 492, 2011-Ohio-1603, 946 N.E.2d 748, ¶ 22-23.

{¶ 38} As this court rightly decides, R.C. 2711.09 and 2711.13 are clear. And nothing in the plain and unambiguous text of those provisions requires a court to wait three months before confirming an award under R.C. 2711.09.

{¶ 39} Consequently, I respectfully concur in this court's judgment reversing the Eighth District's judgment in this case.

KENNEDY and DEWINE, JJ., concur in the foregoing opinion.

———————————

**STEWART, J., concurring in part and dissenting in part.**

{¶ 40} I agree with the majority's holding that R.C. 2711.13 does not require a trial court to wait three months from the date an arbitration award is issued before the court can grant an application to confirm the award and enter a judgment thereon. I also agree that the time provisions in R.C. 2711.09 and 2711.13 operate both independently and in tandem with each other and that trial courts have discretion to grant requests to stay confirmation proceedings and

otherwise control their dockets to fairly and appropriately rule on competing motions. However, I disagree with the lead opinion's conclusion that a motion to vacate, modify, or correct an arbitration award *must* be filed prior to a hearing on an application to confirm. Furthermore, when an application to confirm is filed within three months of an arbitration award's being issued—that is, during the time in which a party may move to vacate, modify, or correct the award—the central question becomes: What is the trial court's responsibility in reconciling the parties' competing rights under the statutes? I think the clearest and most equitable answer is that the court must set a reasonable deadline for the filing of a motion to vacate, modify, or correct the award.

{¶ 41} In this case, the trial court denied the motion of appellees, Evan Gary Wolgang and Massillon Management Company (collectively, "Wolgang"), to stay the proceedings and confirmed the arbitration award within the three-month period that R.C. 2711.13 provides for moving the court to vacate an award. The Eighth District Court of Appeals did not address whether this amounted to an abuse of discretion, because the appellate court found as matter of law that a trial court must wait three months before confirming an arbitration award. Accordingly, although I agree with the majority's decision to reverse the judgment of the court of appeals, I would remand the matter to the court of appeals to consider Wolgang's remaining assignment of error, which argues that the trial court abused its discretion by not granting a stay or continuance.

{¶ 42} The lead opinion states that a motion to vacate, modify, or correct an arbitration award must be filed on or before the hearing date on an application to confirm. How the lead opinion reaches this conclusion is unclear. Certainly nothing in R.C. 2711.01 et seq., the Ohio Arbitration Act, requires a party to file a motion to vacate, modify, or correct an award prior to the hearing. And it would be a stretch for this court to infer such a requirement, given that R.C. 2711.09 requires that only five days' notice of the hearing be given to the adverse party.

What the lead opinion's statement would mean in practice is that, notwithstanding the three-month statutory time period for filing a motion to vacate, modify, or correct an award, a party adverse to confirmation of an award would have only five days to do so, and during that time, in addition to composing the motion, the party would have to research the law and gather and prepare evidence in support of the motion. Under the best of circumstances this would be extremely difficult for even the most sophisticated and resourceful parties. Arguments in support of a motion to vacate, modify, or correct can be difficult to prove. *See Goodyear Tire & Rubber Co. v. Local Union No. 200*, 42 Ohio St.2d 516, 522, 330 N.E.2d 703 (1975). And when the party who opposes confirmation is a lay person and the party in favor of confirmation is a sophisticated entity, as is commonly the case, the difficulty is compounded to the point of practical impossibility.

{¶ 43} Although the grounds upon which a court may grant a motion to vacate, modify, or correct are limited, *see* R.C. 2711.10 and 2711.11, the legislature has still seen fit to give the parties an opportunity to file such a motion. Applying the lead opinion's interpretation of the statutes essentially would take away any meaningful opportunity that a party in Wolgang's position would have to contest an award by requiring that a motion to vacate, modify, or correct be filed on such short notice.[4] Indeed, it would not be unreasonable to suppose that the confirmation hearing might be the first opportunity that a party has to object to the confirmation and give notice of its intent to file a motion to vacate, modify, or correct. But under the lead opinion's interpretation, a court would be precluded

---

4. It is important to note that any party, not just a prevailing one, may file an application to confirm the arbitration award. *See* R.C. 2711.09. And any party, not just a losing party, may file a motion to vacate, modify, or correct the award. *See* R.C. 2711.10 and 2711.11. That any party may file these motions suggests that the legislature intended that arbitration awards be confirmed and rendered into enforceable judgments when they fairly and correctly reflect the arbitration proceedings and the arbitrator's final decision. To that end, all parties must be given a fair opportunity to contest the award.

from doing anything other than confirming an award on the day of the hearing if the adverse party has not filed a motion before then.[5] The language of the statutes does not suggest this is what the legislature intended. After all, why, under such circumstances, would R.C. 2711.09 still require that a confirmation hearing proceed if no oral objections can be lodged at the hearing and the court has no ability to stay proceedings so that formal motions may be filed? Why have a hearing at all when the matter can apparently be decided on the application alone? Accordingly, contrary to the lead opinion, I would determine that a party may file a motion to vacate, modify, or correct an arbitration award even after the court holds a hearing on the application to confirm.

{¶ 44} This brings us back to the question: What is required of the trial court when an application to confirm an arbitration award has been filed within three months of the award's being issued? That question cannot be answered simply by looking to the language of R.C. 2711.09 through 2711.13, because none of those provisions indicate how long a party has to file a motion to vacate, modify, or correct under these circumstances. A different section of Ohio's arbitration law, R.C. 2711.05, *is* helpful however. It states:

---

5. The lead opinion suggests, without going into detail, that the filing of a "placeholder" or "conclusory" motion might be appropriate if a more thorough motion cannot be accomplished prior to the hearing date. Nothing in R.C. 2711.01 et seq. speaks in terms of a placeholder or conclusory motion. Furthermore, this suggestion is unsound. When parties have used similar tactics, appellate courts have upheld the denial of the request to vacate the award on the grounds that the request was not properly asserted. *See Brookdale Senior Living v. Johnson-Wylie*, 8th Dist. Cuyahoga No. 95129, 2011-Ohio-1243, ¶ 11-12 (denial of request to vacate upheld when party asserted grounds for vacatur in response to the application to confirm instead of in separate motion); *Peck Water Sys. v. Cyrus Corp.*, 5th Dist. Stark No. 1999CA00151, 2000 Ohio App. LEXIS 333, *10-12 (Jan. 31, 2000) (denial of motion to stay proceedings upheld when motion asserted that a stay was needed to procure the transcript of the arbitration proceeding that was still being transcribed, because the motion to vacate filed concomitantly with the motion to stay did not specify what evidence the arbitrator refused to admit during arbitration and whether that evidence was both relevant and admissible). The parties before the court today and those that might be in the same position in the future need a clear answer to the procedural question before us. The lead opinion's suggestion that a conclusory or placeholder motion—the same kind of motion that trial and appellate courts have deemed insufficient—could be filed is not helpful guidance.

Any application to the court of common pleas under section 2711.01 to 2711.15, inclusive, of the Revised Code, shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise expressly provided in such sections.

*Id.*

{¶ 45} Thus, both an application to confirm under R.C. 2711.09 and a motion to vacate, modify, or correct under R.C. 2711.13 are to be styled and ruled on as motions before the court and they must comply with the rules of motion practice. Although the Rules of Civil Procedure set deadlines for other types of motions, such as Civ.R. 12(B) dispositive motions, nothing in the Rules of Civil Procedure says when motions like the ones at issue in this case need to be filed. In the absence of a specific rule, courts have discretion to set deadlines for when motions must be filed. *See, e.g.*, *State ex rel. Haber Polk Kabat, L.L.P. v. Sutula*, 2018-Ohio-2223, 114 N.E.3d 649, ¶ 8 (8th Dist.) ("A court has broad discretion to control the flow of its docket and the judicial resources entrusted to it"); *Brown v. Bowers*, 1st Dist. Hamilton No. C-070797, 2008-Ohio-4114, ¶ 13 ("the court is vested with broad discretion in determining whether to grant or deny a motion for a continuance"); *see also Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997) (A "[d]istrict [c]ourt has broad discretion to stay proceedings as an incident to its power to control its own docket").

{¶ 46} In a case like this one, i.e., a case in which an application to confirm is filed when the parties still have time to exercise their statutory right to file a motion to vacate, modify, or correct under R.C. 2711.13, it is incumbent on the trial court to do what R.C. 2711.09 and 2711.13 do not: provide clear guidance to the parties by establishing a deadline for filing the motion before the

court rules on the application to confirm the award. Doing so is not only in keeping with the rules of motion practice and the laws that guide trial courts in conducting their proceedings but is also fair and equitable to both sides in that the trial court can balance the competing rights the parties have under the statutes. As our holding in this case establishes, a party moving the trial court to confirm an arbitration award is not required to wait three months for an adverse party to file a motion to vacate, modify, or correct the award. On the other hand, a party who has the right to move the court to vacate, modify, or correct must be given a reasonable and fair opportunity to do so and also be given notice of the time frame in which the party must operate when that time period is less than the statutorily prescribed three months. When a trial court provides a clear and reasonable deadline for the filing of such motions, there is no error when it confirms the award within three months of the award's issuance. *See, e.g., Kanuth v. Prescott, Ball & Turben, Inc.*, D.D.C. No. 88-1416, 1990 U.S. Dist. LEXIS 7406, *3-8, 11 (June 19, 1990) (denying party's request for full three months to file motion to vacate after opposing party filed motion to confirm; instead giving two months to file, which was deemed a "reasonable" amount of time); *McLaurin v. Terminix Intl. Co., L.P.*, S.D.Ala. No 1:19-00553-JB-M, 2020 U.S. Dist. LEXIS 117869, *2-5, 14 (July 6, 2020) (confirming arbitration award within three months of its issuance, after court gave opposing parties two weeks to file motion to vacate or modify but they missed deadline).[6]

{¶ 47} Although the appellants in this case argue that Wolgang had plenty of time to file a motion and the trial court appears to have been frustrated with Wolgang for not filing a motion to vacate prior to the hearing, the court nevertheless provided no concrete guidance or instruction when it failed to set a

---

6. Although these are federal cases, because the Ohio Arbitration Act is based on the federal Arbitration Act, federal case law is persuasive authority. *See Academy of Medicine of Cincinnati v. Aetna Health, Inc.*, 108 Ohio St.3d 185, 2006-Ohio-657, 842 N.E.2d 488, ¶ 15.

deadline for Wolgang to file its motion. Instead, the court waited an indiscriminate amount of time before denying Wolgang's motion to stay and confirming the award. And whether the trial court's denial of the motion to stay was an abuse of discretion is a question that is still outstanding and one that the appellate court should decide on remand. Accordingly, I concur in the judgment reversing the judgment of the court of appeals, but I would remand the case for consideration of Wolgang's second assignment of error.

_____

Ulmer & Berne, L.L.P., and Michael N. Ungar; and Ciano & Goldwasser, L.L.P., Phillip A Ciano, Brent S. Silverman, and Sarah E. Katz, for appellants.

Calfee, Halter & Griswold, L.L.P., Colleen M. O'Neil, and Alexandra R. Forkosh; and Hamburg, Karic, Edwards & Martin, L.L.P., and Steven S. Karic, for appellees.

_____