[Cite as *Dorset Twp. Bd. of Trustees v. T-Line EV, L.L.C.*, 2024-Ohio-6002.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| DORSET TOWNSHIP<br>BOARD OF TRUSTEES,<br><br>        Plaintiff-Appellant,<br><br>    - vs -<br><br>T-LINE EV, LLC,<br><br>        Defendant-Appellee. | CASE NO. 2024-A-0051<br><br><br>Civil Appeal from the<br>Court of Common Pleas<br><br><br>Trial Court No. 2023 CV 00166 |

## O P I N I O N

Decided: December 23, 2024
Judgment: Reversed and remanded

*Coleen M. O'Toole*, Ashtabula County Prosecutor, and *Christopher R. Fortunato* and *Matthew J. Hebebrand*, Assistant Prosecutors, and *Michael J. Angiolelli*, Assistant Prosecuting Attorney, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff Appellant).

*Erik L. Walter*, Dworken & Bernstein CO, LPA, 60 South Park Place, Painesville, OH 44077 (For Defendant-Appellee).

ROBERT J. PATTON, J.

{¶1}   Appellant, the Dorset Township Board of Trustees ("Dorset Township") appeals the order of the Ashtabula County Court of Common Pleas, confirming an arbitration award in part, modifying it in part, and remanding it in part back to arbitration. For the following reasons the decision of the Ashtabula County Court of Common Pleas is reversed and remanded.

**{¶2}** This case arises from a contract entered into on December 9, 2019, between Dorset Township, and T-Line EV, LLC ("T-Line"), for the construction of a 3,500-gallon fire engine pumper/tanker ("Pumper"). The contract required Dorset Township deliver a chassis to its location in Grand Ledge, Michigan, and to pay a $75,000 down payment (half of the total $150,000 cost for the build). A dispute arose prior to T-Line's completion of the contract terms. Dorset Township asserted that T-Line never produced the completed Pumper and refused to return the chassis. As a result, Dorset Township initiated arbitration proceedings pursuant to the terms of the contract. An arbitration award of $120,625 was issued on November 21, 2022, in Dorset Township's favor. The arbitrator made the following four findings in its award:

> (B) I find for the Claimant and against the Respondent as follows:
>
> (1) Purchase of 2007 Ferrara chassis and cab delivered to Respondent - $35,000.00.
>
> (2) Payment of $75,000.00 to Respondent on or about February 1, 2020, in accordance with the parties' Emergency Vehicle Sales Contract.
>
> (3) Delay penalty in accordance with the parties' Contract of 0.5% per week of the total value of the Equipment of $150,000.00 (80 weeks) - $7,500.00.
>
> (4) The administrative filing fee of the American Arbitration Association, totaling $1,925.00, shall be borne by Respondent. Therefore, Respondent shall reimburse the sum of $3,125.00 to Claimant, representing that portion of said fees previously incurred by Claimant.

T-Line did not pay the award. On March 15, 2023, Dorset Township filed a complaint in the Ashtabula County Court of Common Pleas seeking to confirm the arbitration award pursuant to R.C. 2711.09 and a judgment for the $120,625 arbitration award.

2

**{¶3}** T-Line filed "Defendant's Brief Objecting to the Confirmation of the Arbitration Award and Application to Vacate the Same, in Part" on June 27, 2023.

**{¶4}** On October 6, 2023, a Magistrate's Order stated that the parties were attempting to resolve the dispute outside of court but were unable to come to a resolution. The order instructed the parties to file briefing by October 30, 2023, and any opposition to that briefing by November 30, 2023. No briefs were filed by either party.

**{¶5}** On March 28, 2024, a Judgment Entry ordered Dorset Township to show cause in writing by April 17, 2024, why the case should not be dismissed for failing to file briefs as ordered.[1] In the entry, the trial court indicated that Dorset Township had regained possession of the Pumper chassis, and that the matter had been partially resolved. In its briefing, Dorset Township asserted that it retrieved the Pumper chassis on February 5, 2024.

**{¶6}** Dorset Township filed its "Motion to Withdraw Order to Show Cause; Plaintiffs' Motion for Judgment on the Pleadings and Opposition to Brief to Vacate Arbitration Award" on April 16, 2024. In its combined motion, Dorset Township argued that the case should not be dismissed, explained that it was attempting resolution through discussions and further requested judgment on the pleadings.

**{¶7}** On April 19, 2024, T-Line filed Defendant's Brief in Opposition to Plaintiff's Motion for Judgment on the Pleadings. In its brief, T-Line asserted that the Pumper Dorset Township regained, had $76,394.78 worth of materials that had been put into it by T-Line.

---

1. The Judgment Entry indicates Dorset Township must show cause by April 17, 2023. However, the entry was filed on March 28, 2024. It is assumed that this was a clerical error, and the intended date was April 17, 2024.

Case No. 2024-A-0051

T-Line contended that on April 9, 2024, it provided Dorset Township with proof of the materials put into the Pumper.[2] T-Line argued that the arbitration award should be vacated because Dorset Township was in possession of the Pumper with the improvements and that it would be inequitable to allow Dorset Township to both have the Pumper and the arbitration award.

{¶8} The trial court entered judgment on May 7, 2024. In its order, the trial court confirmed the arbitrator's findings (3) and (4) requiring that T-Line pay Dorset Township $7,500, and that T-Line reimburse Dorset Township $3,125. The trial court did not confirm (1) and (2) of the arbitrator's findings, deeming them inequitable now that Dorset Township is in possession of the Pumper. The trial court further remanded findings (1) and (2) back to arbitration on those two issues.

{¶9} On July 18, 2024, T-Line deposited with the Clerk funds satisfying the amounts confirmed in the trial court's order for findings (3) and (4).

{¶10} Dorset Township now timely appeals that order.

### Assignments of Error

{¶11} On appeal, Dorset Township asserts two assignments of error.

{¶12} [1.] "The trial court erred when it revised the damages from the arbitration order under R.C. 2711.11(C) when the aggrieved party, the appellee had not sought to appeal the decision within the statutory time."

---

2. The proof T-Line references is a one-page Google Docs spreadsheet that consists of 20 rows of items that T-Line asserts were put into the Pumper. The second column of the list attributes a supplier to each list item, and the third column a value amount. The record revealed no other evidence of materials put into the Pumper. This Court would note there was no testimony nor an affidavit attesting to the accuracy of averments in the Google Docs spreadsheet.

4

Case No. 2024-A-0051

**{¶13}** [2.] "The trial court erred in confirming the award with modifications because the decision was against the manifest weight of the evidence."

### The Issue of Mootness

**{¶14}** Before the merits of Dorset Township's brief can be addressed, we must first determine whether this appeal is moot. In its brief, T-Line, first argues that voluntary satisfaction of the judgment renders the issue moot.

**{¶15}** "[T]he purpose of [2711.09] is to enable parties to an arbitration to obtain satisfaction of the award." *Warren Educ. Ass'n. v. Warren City Bd. of Educ.*, 18 Ohio St.3d 170, 172.

**{¶16}** We acknowledge that generally, fulfillment of the judgment renders an appeal from that judgment moot. "Voluntary satisfaction of a judgment renders an appeal from that judgment moot." *CitiMortgage, Inc. v. Snider*, 2016-Ohio-8111, ¶ 14, citing *Art's Rental Equipment, Inc. v. Bear Creek Constr., LLC,* 2012-Ohio-5371, ¶ 7 (1st Dist.). However, this Court has rejected that principle where an arbitration award has been satisfied but not yet been confirmed. *Champlin v. Kraftmaid Cabinetry, Inc.*, 2005-Ohio-3772, ¶ 14 (11th Dist.); *see also Davidson v. Bucklew*, 50 Ohio App.3d 328, 334 (11th Dist.). In those circumstances, even where an arbitration award has been satisfied, unless a timely application to modify or vacate has been made, and the trial court determines that cause exists as authorized by R.C. 2711.10 and R.C. 2711.11 to modify or vacate the award, the trial court is otherwise obligated to confirm the award. *Id.* at ¶ 15.

**{¶17}** Based on the foregoing, this appeal is not moot.

5

**Standard of Review**

{¶18} An appellate court's standard of review for an order to confirm, modify, vacate, or correct an arbitration award is de novo. *Portage Cty. Bd. of Dev. Disabilities v. Portage Cty. Educators' Assn. for Dev. Disabilities*, 2018-Ohio-1590, ¶ 26. "[W]hen reviewing a decision of a common pleas court confirming, modifying, vacating, or correcting an arbitration award, an appellate court should accept findings of fact that are not clearly erroneous but decide questions of law de novo." *Id.*

{¶19} "Our review in this matter 'is confined to the order issued by the common pleas court confirming, modifying, vacating or enforcing the award, and we review the court's order confirming or vacating the arbitration decision for errors occurring as a matter of law.'" *Ashtabula v. Fraternal Order of Police, Ohio Labor Council*, 2020-Ohio-6677, ¶ 9 (11th Dist.), quoting *Portage Cty. Bd. of Dev. Disabilities v. Portage Cty. Educators' Assn. for Dev. Disabilities*, 2017-Ohio-888, ¶ 13 (11th Dist.). "'Our review is not, however, a de novo review of the merits of the dispute as presented to the arbitrator.'" *Id.*

{¶20} "'The arbitrator is the final judge of both law and facts and we may not substitute our judgment for that of the arbitrator.'" *Id*, at ¶ 9, citing *Madison Local School Dist. Bd. of Edn. v. OAPSE/AFSCME Local 4, AFL-C10*, 2009-Ohio-1315, ¶ 10 (11th Dist.). "'The fact that the common pleas court may have arrived at a different conclusion than did the arbitrator is immaterial. The common pleas court does not balance the equities, weigh the evidence or assess the credibility of witnesses. Instead, a common pleas court is bound by an arbitrator's factual findings and serves only as a mechanism to enforce the arbitrator's award.'" *Carothers v. Shumaker, Loop & Kendrick, LLP*, 2023-

6

Ohio-1907, ¶ 28 (6th Dist.), *Motor Wheel Corp. v. Goodyear Tire & Rubber Co.,* 98 Ohio App.3d 45 (8th Dist. 1994).

**{¶21}** Chapter 2711 of the Ohio Revised Code governs arbitration. Ohio R.C. 2711.09 permits a party to an arbitration award, on application to the trial court, to request an order confirming the award:

> Any time one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code. * * *

R.C. 2711.09.

**{¶22}** The arbitration award was issued on November 22, 2022. Dorset Township filed its complaint seeking confirmation of the award on March 15, 2023. Pursuant to this provision, R.C. 2711.09, Dorset Township's application for confirmation of the award was timely filed.

**{¶23}** Chapter 2711 of the Revised Code grants a trial court with limited authority to vacate or modify an arbitration award.

**{¶24}** With respect to vacating an arbitration award, R.C. 2711.10 provides:

> In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:
>
> (A) The award was procured by corruption, fraud, or undue means.
>
> (B) There was evident partiality or corruption on the part of the arbitrators, or any of them.
>
> (C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in

7

Case No. 2024-A-0051

refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

If an award is vacated and the time within which the agreement required the award to be made has not expired, the court may direct a rehearing by the arbitrators.

{¶25} As to modifying or correcting an arbitration award, R.C. 2711.11 states:

In any of the following cases, the court of common pleas in the county wherein an award was made in an arbitration proceeding shall make an order modifying or correcting the award upon the application of any party to the arbitration if:

(A) There was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;

(B) The arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted;

(C) The award is imperfect in matter of form not affecting the merits of the controversy.

The order shall modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

{¶26} The Supreme Court of Ohio adopted this Court's holding regarding the statutory interplay between seeking confirmation of an arbitration award (R.C. 2711.09) and filing a motion to vacate, modify, or correct an arbitration award (R.C. 2711.13).[3]

Read together, R.C. 2711.09 and R.C. 2711.13 set forth an intelligible procedural scheme. To wit, R.C. 2711.09 requires a hearing on an application to confirm. *As a matter of law, a motion to confirm must be granted unless a timely motion to*

---

3. R.C. 2711.13 expressly references: R.C. 2711.10 and R.C. 2711.11 regarding service, filing deadlines, and provisions for seeking a stay of the proceedings.

8

*modify or vacate is made and cause to modify or vacate is demonstrated.* A party seeking to modify or vacate an arbitration award has up to three months from the date of the award to file its motion. Therefore, the proper way to approach a situation such as the one sub judice, is to conduct a hearing after an adverse party files a motion to modify or vacate. However, if three months have elapsed since the award and a motion to modify or vacate has not been filed, a court should continue forward with a hearing on the motion to confirm. *Id.,* at ¶ 10. We discern no error in the language from *Schwartz.*

*BST Ohio Corp. v. Wolgang*, 2021-Ohio-1785, ¶ 24, quoting *Schwartz v. Realtispec, Inc.*, 2003-Ohio-6759, ¶ 9 (11th Dist.). (Emphasis added.)

**{¶27}** R.C. 2711.13 sets a statutory limit on how long a party has to file a motion to vacate, modify, or correct an award:

> After an award in an arbitration proceeding is made, any party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award as prescribed in sections 2711.10 and 2711.11 of the Revised Code.

> Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within *three months* after the award is delivered to the parties in interest, as prescribed by law for service of notice of a motion in an action. * * *

(Emphasis added.)

**{¶28}** Ohio case law interpreting R.C. 2711.13 confirms the plain language of the statute. "A party seeking to modify or vacate an arbitration award has up to three months from the date of the award to file its motion." *Scwartz v. Realtispec, Inc.*, 2003-Ohio-6759, ¶ 10 (11th Dist.).

**{¶29}** Here, T-Line's application to vacate the arbitration award was filed on June 27, 2023, while the arbitration award was issued on November 21, 2022. It is apparent that T-Line's motion was out of rule. Given that no timely application to modify or vacate

9

the award was filed, the trial court was required to confirm the award. *Schwartz v. Realtispec., Inc.*, 2003-Ohio-6759, ¶ 9 (11th Dist.).

**{¶30}** Proceeding on the timely application of Dorset Township to confirm the award, the trial court was required to confirm the award as no timely application to modify or vacate was made. The record shows that the trial court exceeded its authority in not doing so.

**{¶31}** "'When agreeing to arbitration, the parties agree to accept the arbitrator's award even if it results in a legally or factually inaccurate decision.'" *Carothers v. Shumaker, Loop & Kendric, LLP*, 2023-Ohio-1907, ¶ 9 (6th Dist.), quoting *Internatl. Assn. of Firefighters Local 92 v. Toledo*, 136 Ohio App.3d 56, 60-61(6th Dist. 1999). "'[E]ven a grossly erroneous [arbitration] decision [of law or fact] is binding in the absence of fraud.'" *Id.* at ¶ 11, citing *Goodyear Tire & Rubber Co. v. Local Union No. 200, United Rubber, Cork, Linoleum and Plastic Workers of America*, 42 Ohio St.2d 516, 522 (1975). "'The common pleas court does not balance the equities, weigh the evidence or assess the credibility of witnesses.'" *Toledo Clinic, Inc. v. Felix*, 2024-Ohio-489, ¶ 35 (6th Dist.), quoting *Carothers v. Shumaker, Loop & Kendrick, LLP*, 2023-Ohio-1907, ¶ 28 (6th Dist.).

**{¶32}** Further, once a decision on all issues presented for arbitration has been submitted, the arbitrator's powers expire. "R.C. Chapter 2711 does not confer authority on an arbitration panel to reconsider its awards. Instead, R.C. Chapter 2711 confers jurisdiction only on the *trial court,* pursuant to R.C. 2711.10 and 2711.11, to vacate, modify or correct arbitration awards. Furthermore, '[w]hen the submitted issues are decided, the arbitrators' powers expire. Thus, a second award on a single, circumscribed submission is a nullity.'" *Miller v. Gunckle*, 2002-Ohio-4932, ¶ 23, quoting *Lockhart v. Am. Res. Ins.*

10

*Co.*, 2 Ohio App.3d 99, 102 (8th Dist.). Once an arbitrator enters its award, it is without authority to reconsider its decision. *Id.* at ¶ 23.

**{¶33}** Like modification, the trial court has limited authority to remand a case back to arbitration. R.C. 2711.10 provides in relevant part:

> If an award is vacated and the time within which the agreement required the award to be made has not expired, the court may direct a rehearing by the arbitrators.

**{¶34}** Pursuant to R.C. 2711.10, the trial court only had authority to remand if one of the requirements for vacating the award was met, or for clarification of the arbitrator's award. *See Zarkovic v. Mijic*, 1990 WL 157502, at *3 (11th Dist. Oct. 19, 1990).

**{¶35}** Here, the trial court refused to confirm the award based on facts that occurred long after the award was issued. The trial court stated in its order:

> Award of Arbitrator Findings: (1) and (2) **shall not be confirmed**, as the Court finds there is reason to modify the arbitrator's award. Plaintiff is now in possession of the pumper/tanker truck and the improvements/materials put into it, making the confirmation of Award of Arbitrator Findings: (1) and (2) inequitable. The facts presented to the Arbitrator for which his findings were made have changed significantly. Therefore, the issues concerning Arbitrator Findings: (1) and (2) are remanded back for arbitration on those issues.

(Emphasis original.)

**{¶36}** Absent a timely application to vacate or modify the award, pursuant to R.C. 2711.10 and 2711.11, the trial court was obligated to confirm the award. "As a matter of law, a motion to confirm must be granted unless a timely motion to modify or vacate is made and cause to modify or vacate is demonstrated." *BST Ohio Corp.*, 2021-Ohio-1785, 2021-Ohio-1785, at ¶ 20.

11

Case No. 2024-A-0051

{¶37} Appellant's first assignment of error is with merit. We need not address appellant's second assignment of error.

{¶38} Accordingly, the decision of the Ashtabula County Court of Common Pleas is reversed and remanded for a decision consistent with this Court's opinion. As the applicable law and facts do not provide a basis for the trial court to do anything other than confirm the arbitrator's award, the trial court is expressly directed to do so.

EUGENE A. LUCCI, P.J.,

MARY JANE TRAPP, J.,

concur.